# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EVERLIGHT ELECTRONICS CO., LTD. ) <br> and EVERLIGHT AMERICAS, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 12-11935-FDS |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO STRIKE PRELIMINARY INFRINGEMENT CONTENTIONS AND STAY DISCOVERY

This is a patent infringement action involving light emitting diodes ("LEDs") and the technology behind them. Plaintiff Trustees of Boston University ("BU") is an educational institution that owns by assignment a patent claiming LEDs and related technology. Defendant Everlight Electronics Co., Ltd. ("Everlight") is a Taiwanese company that manufactures LEDs, and defendant Everlight Americas, Inc. ("Everlight Americas") is its Texas-based subsidiary, which sells LEDs through distributors in the United States. BU alleges that Everlight and Everlight Americas produce and sell products that infringe upon U.S. Patent No. 5,686,738 (the "'738 patent").

Everlight has moved to strike BU's preliminary infringement contentions on the grounds that they do not comply with Local Rule 16.6 and are not supported by a good faith basis as required by Fed. R. Civ. P. 11. Everlight has concurrently moved to stay discovery until adequate infringement contentions are submitted. For the reasons set for below, the motion will be denied.

## I. Background

### A. Procedural Background

On October 17, 2012, BU filed this suit against Everlight and Everlight Americas, as well as separate suits against other electronics companies, alleging that they produce and sell products that infringe upon the '738 patent. On May 14, 2013, BU filed its preliminary infringement contentions pursuant to Local Rule 16.6.

Everlight has moved to strike the preliminary infringement contentions on the ground that they do not provide the information required by Local Rule 16.6. Everlight has also moved that for the Court to stay discovery obligations until BU submits more specific infringment contentions that comply with the local rule.

### B. Factual Background

The patent at issue covers semiconductor chips for LEDs. In its preliminary infringement contentions, BU specifically invoked claims 1, 7, 18, and 19 of the '738 patent. Claim 1, which is indicative of the claims at issue, reads as follows:

> A semiconductor device comprising: a substrate, said substrate consisting of a material selected from the group consisting of (100) Silicon, (111) silicon, (0001) sapphire, (11-20) sapphire, (1-102) sapphire, (111) gallium aresenide, (100) gallium aresenide, magnesium oxide, zinc oxide and silicon carbide;
>
> a non-single crystalline buffer layer having a thickness of about 30 Å to about 500 Å, comprising a first material grown on said substrate, the first material consisting essentially of gallium nitride; and a first growth layer grown on the buffer layer, the first growth layer comprising gallium nitride and a first dopant material.

U.S. Patent No. 5,686,738 at col. 5 ll. 18-32 (filed Jan. 13, 1995). The gallium nitride composition of the buffer layer appears to be an important identifying feature that distinguishes the LED semiconductors that practice the claim from those that do not.

BU's preliminary infringement contentions included a table identifying, by product identification number or part number, some 1,468 Everlight products that allegedly infringe on claims 1, 7, 18, and 19 of the '738 patent. The infringement contentions were supplemented by an exhibit providing visual representations of limitations of the claims at issue. Each visual representation was accompanied by a statement indicating that BU contends, and will prove at trial, that the infringing products include the represented limitation as shown. The exhibit did not provide references for any supporting authority or explain in detail the bases for the visual representation and accompanying allegations. The preliminary infringement contentions did not differentiate between the 1,468 allegedly infringing products, instead accusing them all of infringing all of the claims at issue.

The preliminary infringement contentions all allege literal infringement, but concluded with the disclaimer that: "[i]n the alternative, Plaintiff contends that any limitation of the asserted claims that are not found to be literally infringed, are nevertheless infringed under the doctrine of equivalents."

### C.     Local Rule 16.6

Local Rule 16.6 was crafted to facilitate efficient and equitable adjudication of patent disputes by compelling parties to disclose theories of infringement and invalidity during the early stages of litigation. The rule requires the parties to address the timing for disclosing initial infringement and invalidity positions in their jointly proposed scheduling order. The rule is accompanied by a sample scheduling order that includes the following provision regarding preliminary infringement disclosures:

> No later than _____ [30] days after the Rule 16 Case Management Conference, the patentee shall serve and file preliminary disclosure of the claims infringed. The patentee

>shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. The patentee shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If the patentee has not already done so, the patentee shall produce all documents supporting its contentions and/or identify any such supporting documents produced by the accused infringer. Such disclosures may be amended and supplemented up to ____ [30] days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ D(1) or by leave of court, for good cause shown.
>The patentee may use a table such as that represented below.

Local Rules, Appendix E.

Here, the parties were subject to the following provision regarding preliminary infringement disclosures:

>No later than May 6, 2013, Boston University shall serve and file preliminary disclosure of the claims infringed.  Boston University shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims.  Boston University shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents.  If Boston University has not already done so, it shall produce all documents supporting its contentions and/or identify any such supporting documents produced by Defendants.  Such disclosures may be amended or supplemented up to 30 days before the date of the Markman Hearing.  After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown.

Thus, BU, through its infringement contentions, was required to:  (1) "specify which claims are allegedly infringed;" (2) "identify the accused product(s) or method(s) that allegedly infringe those claims;" and (3) "specify whether the alleged infringement is literal or falls under the doctrine of equivalents."

## II.     Analysis

Preliminary infringement contentions are the subject of varying local rules in district courts across the country, and those courts have interpreted their own rules to require varying degrees of specificity.  Despite the fact that the interpretations of different local rules by different

4

district courts has no binding or persuasive influence on this Court's interpretation of its own local rules, defendants spend significant time and space referring to such decisions in their motion to strike.

Local Rule 16.6, however, is one of the less onerous rules concerning preliminary infringement contentions. It is therefore not surprising that very few courts in this district have had occasion to interpret the rule's requirements. Plaintiff correctly identifies four cases in this district where infringement contentions were challenged as inadequate under the local rules. Only two of those cases involved challenges to the sufficiency of the infringement contentions prior to the close of fact discovery. In one of those two cases—*Tele-Publishing Inc. v. Facebook, Inc. et al.*, No. 1:09-cv-11686, (D. Mass. Oct. 7, 2009)—the presiding judge issued a scheduling order that not only incorporated the requirements set forth in the sample provided in the local rule, but also imposed the additional requirements that the infringement contentions include "where each element of each [asserted claim] is found in each product or method" and "the basis for [the] equivalents analysis." Defendants essentially contends that plaintiff did not comply with these more stringent requirements, and therefore its preliminary infringement contentions were inadequate.

The Court is not convinced that the scheduling order in *Tele-Publishing* was meant to be read as an interpretation of the requirements of Local Rule 16.6. That position is further supported by the adoption of a scheduling order in this case that did not specifically invoke these more stringent requirements. Instead, as articulated above, the scheduling order here required preliminary infringement contentions that: (1) "specif[ied] which claims are allegedly infringed;" (2) "identif[ied] the accused product(s) or method(s) that allegedly infringe those

claims;" and (3) "specif[ied] whether the alleged infringement is literal or falls under the doctrine of equivalents."

Plaintiff's preliminary infringement contentions specifically alleged infringement of claims 1, 7, 18, and 19 of the '738 patent. They further provided a table specifically identifying, by product identification number and/or part number, 1,468 Everlight products that allegedly infringe upon those claims. Finally, the preliminary infringement contentions alleged literal infringement, and, in the alternative, infringement under the doctrine of equivalents. The Court finds that such infringement contentions strictly comply with the terms of the rule and the scheduling order.

Defendants nevertheless argue that the infringement contentions are lacking in specificity and are not demonstrably supported by a good faith basis under Fed. R. Civ. P. 11. Defendants cite to *Datatern, Inc. v. Microstrategy, Inc.*, Civ. Action No. 11-cv-12220 (D. Mass. Dec. 14, 2011), where Judge Stearns found that pursuant to Rule 11 "allegations of patent infringement must be supported by a good faith basis . . . that each accused product (or combination of products) meets each limitation of an asserted claim." Defendants argue that plaintiff's preliminary infringement contentions violate Rule 11 because they do not specifically articulate how each of the 1,468 accused products allegedly meets each limitation of the asserted claims.

The Court disagrees. Plaintiff supplemented its preliminary infringement contentions with visual representations of each claim element that it alleged was included in the accused products. Although the infringement contentions with respect to each claim element depicted were not specifically tailored to each of the 1,468 accused products, they claimed that all of the products included each claim element in substantially the same way. For example, at least one

of the claim elements at issue could have been satisfied by the presence of any one of a number of substrates, but the infringement contentions specifically contended that the substrates in the accused products are made of (0001) sapphire.  At this early stage, before fact discovery has been completed, such infringement contentions are specific enough to establish the existence of a good faith basis as required by Rule 11.[1]  The Court may require more specific information at a later time, but the present filings satisfy the requirements of Local Rule 16.6, Rule 11, and the scheduling order in this case.

## III.     Conclusion

For the foregoing reasons, the defendants' motion to strike the plaintiff's preliminary infringement contentions and stay discovery is DENIED.

**So Ordered.**

Dated: June 12, 2013

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[1] Defendants also contend that some of the accused products do not meet claim 1 because instead of gallium nitride (GaN), the products include InGaN, AlGaInP, and InGaN.  However, the limitation of claim 1 actually refers to "material consisting essentially of gallium nitride."  The argument that these related compounds are not included within the claim limitation is a noninfringement or claim construction argument that the Court takes no position on at this time.