**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>EVERLIGHT ELECTRONICS CO., LTD. and EVERLIGHT AMERICAS, INC.,<br><br>Defendants. | Civil Action No.<br>12-11935-FDS |
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>EPISTAR CORPORATION, et al.,<br><br>Defendants. | Civil Action No.<br>12-12326-FDS |
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>LITE-ON, INC., et al.,<br><br>Defendants. | Civil Action No.<br>12-12330-FDS |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO STAY**
**LITIGATION PENDING INTER PARTES REVIEW**

Plaintiff Trustees of Boston University ("BU") has filed a number of patent infringement actions, which have been consolidated before this Court for pre-trial purposes, to enforce claims

to LED technology in U.S. Patent No. 5, 686,738 ("'738 patent").  Defendants in three of those actions—Everlight Electronics Co., Ltd., Everlight Americas, Inc. (collectively "Everlight"); Epistar Corporation; and Lite-On Inc., Lite-On Service USA, Inc., Lite-On Trading USA, Inc., and Lite-On Technology Corporation (collectively "Lite-On")—have jointly moved for the Court to stay the litigation pending *inter partes* review of the '738 patent by the United States Patent and Trademark Office ("PTO").

On May 22, 2013, shortly after the start of discovery, defendants Everlight, Epistar, and Lite-On jointly filed a petition for *inter partes* review of the '738 patent with the PTO.  The regulations governing the procedures before the PTO afford BU, as the patent holder, the right to file a response to the petition within three months.  *See* 37 C.F.R. § 42.107(b).  Pursuant to 35 U.S.C. § 314(a), the PTO can grant a petition and institute *inter partes* review only if it "determines that the information presented in the petition . . . and any response . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  Section 314(b) sets forth the method for determining the date by which the PTO must make this threshold determination.  Here, the latest date by which the PTO can make that determination is November 22, 2013.

The court has inherent discretionary power to stay an action as a matter of case management.  *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir.1988); *P&G v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008).  In patent actions, courts generally evaluate motions to stay pending re-examination based on three considerations:  (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether

discovery is complete and whether a trial date has been set.  *Gryphon Networks v. Contact Ctr. Compliance*, 792 F. Supp. 2d 87, 90 (D. Mass. 2011); *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 350 (D. Mass. 2011).

Here, however, it is not yet even established that a re-examination of the '738 patent will be undertaken by the PTO.  Therefore, it would be premature for the Court to analyze this *potential* reexamination as cause for a stay under the factors set forth above.  Furthermore, the patent at issue is set to expire in November 2014, and re-examination takes on average 18-24 months to complete, which suggests that any delay could seriously prejudice the patent holder.  Under the circumstances, it would not be appropriate at this point to halt discovery and delay the litigation before the PTO has determined whether re-examination through *inter partes* review is warranted.  Accordingly, the Court will deny the defendants' motion to stay litigation without prejudice to its renewal should the PTO make the determination that such review will be initiated.

For the foregoing reasons, the defendants' motion to stay litigation pending *inter partes* review is DENIED without prejudice to its renewal after the PTO makes its threshold determination.

**So Ordered.**

                                        /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
Dated: July 11, 2013                United States District Judge