**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, <br>  Plaintiff, <br> vs. <br> EVERLIGHT ELECTRONICS CO. LTD. ET AL., <br>  Defendants | C.A. No. 1:12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br>  Plaintiff, <br> vs. <br> SEOUL SEMICONDUCTOR, LTD. ET AL., <br>  Defendants | C.A. No. 1:12-cv-11938-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br>  Plaintiff, <br> vs. <br> EPISTAR CORPORATION, <br>  Defendant | C.A. No. 12-cv-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br>  Plaintiff, <br> vs. <br> LITE-ON, INC., ET AL., <br>  Defendants | C.A. No. 12-cv-12330-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br>  Plaintiff, <br> vs. <br> SAMSUNG ELECTRONICS CO., LTD. ET AL., <br>  Defendants | C.A. No. 13-cv-10659-PBS |

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br>    Plaintiff,<br>vs.<br>ARROW ELECTRONICS, INC., ET AL.,<br>    Defendants | C.A. No. 13-cv-11105-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>    Plaintiff,<br>vs.<br>AMAZON.COM, INC.,<br>    Defendant | C.A. No. 13-cv-11097-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>    Plaintiff,<br>vs.<br>APPLE INC.,<br>    Defendant | C.A. No. 1:13-cv-11575-PBS |

**DEFENDANTS' [PROPOSED] SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF <u>ITS GLOBAL PROTECTIVE ORDER POSITIONS</u>**

In their Joint Opposition to Plaintiff's Motion for Entry of its Global Protective Order Positions (1:12-cv-11935-PBS; Dkt. 159), Defendants showed that their proposed protective order provisions were narrowly tailored to prevent misuse of Defendants' most confidential information (that which is designated as "Outside Counsel Only"). Instead of addressing Defendants' legitimate concerns about adequate protection for this information, Plaintiff's Proposed Reply (Dkt. 165-1) makes various unsubstantiated accusations about Defendants' purported ulterior motives. Defendants submit this surreply to concisely rebut several of Plaintiff's material misstatements.

*First,* Plaintiff asserts that inventor Dr. Theodore Moustakas "is a crucial fact witness" and that Plaintiff "needs him as an expert" (Dkt. 165-1 at 9). Nothing in Defendants' proposals for the protective order, however, affect Plaintiff's ability to call Dr. Moustakas as a fact witness. The issue is whether he should be permitted to see Defendants' most sensitive technical information as an expert—something he would have no need to do as a fact witness. Given, however, that (i) Dr. Moustakas is an active researcher in the field of LEDs who continues to apply for patents on gallium nitride technologies (the subject matter of the asserted patents), *see, e.g.*, Ex. 1, U.S. Patent Application Publication No. 2012/0058586, and (ii) he recently launched his own ultraviolet LED company (RayVio Corp.) employing gallium nitride technology, Ex. 2, there would be a significant and unwarranted risk of harm to Defendants if he were given access to their confidential technical information. *See, e.g.*, *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. C-09-02180, 2011 WL 197811, at \*5 (N.D. Ill. Jan. 20, 2011) ("An expert witness who acts as an inventor or technical advisor . . . certainly controls the content of his or her own patent applications and thus falls squarely into the parameters of competitive decisionmaking . . . ."). Moreover, Boston University, an institution with an endowment of over

$1 billion that has over the course of a year filed more than 40 patent infringement suits against more than 90 companies, certainly has the wherewithal to hire an independent expert.

*Second,* Plaintiff has provided no support for its assertion that Defendants' proposed language for Paragraph 11 would "prevent Boston University from obtaining any expert testimony at all." (Dkt. 165-1 at 10)[2]  Plaintiff has not identified any expert it would want to use but could not use under this provision. *Compare Ares-Serono, Inc. v. Organon Int'l BV*, 153 F.R.D. 4, 5 (D. Mass. 1993).  Nor does Plaintiff's rhetoric appear to be supportable.  As but two examples, Defendants' proposed language would not restrict Plaintiff's ability to use an academic expert from any other university, or from using an independent consultant, so long as such expert has not recently served as a consultant for Plaintiff, Defendants, or their competitors. Indeed, Plaintiff represents in its press releases that it already has "hired consultants and laboratories to 'reverse engineer' each defendant's products" and had "[t]he analytical data … reviewed by several independent scientific experts." Ex. 3.  And Plaintiff should not be heard to complain about potentially narrowed options for experts that result from its decision to sue "94 opposing parties."  Indeed, most of these companies are not parties to the proposed protective order (they were sued by Plaintiff just two weeks ago, well after the parties submitted their proposals as to the protective order).

*Third,* Plaintiff's proposed language in Paragraph 16(a), giving Plaintiff's counsel carte blanche to participate in any role in post-grant proceedings, is not supported by the Court's July 19 ruling in the *Everlight* case (Dkt. 110), which was limited to the facts and *inter partes* review before it.  Plaintiff has not provided any reason for the Court to adopt language affirming a

---

[2] Defendants' proposed language for Paragraph 11 requires an "Outside Consultant" to be a person "who currently or within the last three years, is not an employee of or consultant for a Party or of a competitor of an opposing Party."

"right" of Plaintiff's counsel to participate without restriction in *any* prosecution-related activity in *any* proceeding before *any* foreign or domestic agency involving not only the patents-in-suit but any "related" patent. Plaintiff itself does not defend the full breadth of its proposal, focusing on *inter partes* review proceedings of the patents-in-suit and arguing that Defendants' confidential information "is irrelevant to prior art analyses" (Dkt. 165-1 at 8). Yet, Plaintiff ignores that it has the ability, in post-grant proceedings such as reexaminations, to seek new claims intended to cover Defendants' products but avoid the prior art. *Cf. In re Deutsche Bank Trust Co. Ams.*, 605 F. 3d 1373, 1380 (Fed. Cir. 2010) (recognizing the "much greater" risk when litigation counsel is involved in "strategically amending or surrendering claim scope during prosecution").

Finally, as to Defendants' request that one of Plaintiff's counsel be precluded from access to "Outside Counsel Only" information given specific facts set forth in Defendants' Opposition, Defendants simply note that Mr. Shore admits in reply that 80% of his practice is based on asserting patents against semiconductor companies (further confirming the need for a patent acquisition bar); that he has admittedly filed more than 40 actions against more than 90 purported infringers here (both manufacturers and customers); that there are unique facts concerning his ownership interest in a semiconductor company which asserts such patents; and that he has expressed a desire to use discovery in these proceedings as a basis to obtain information to file further cases. (1:12-cv-11935-PBS; Dkt. 110, at 6) (rejecting Plaintiff's argument that it "should be able to use discovery in this case to identify customers of the defendants . . . and bring suit on the basis of that information").

Dated: October 4, 2013

Respectfully submitted,

EVERLIGHT ELECTRONICS CO., LTD.
AND EVERLIGHT AMERICAS, INC.

EPISTAR CORPORATION

LITE-ON, INC., LITE-ON SERVICE USA, INC., LITE-ON TRADING USA, INC., AND LITE-ON TECHNOLOGY CORP.

*/s/ Christopher S. Schultz*

E. Robert Yoches (*pro hac vice*)
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
901 New York Avenue NW
Washington, DC 20001-4413
Telephone:     202-408-4000
Facsimile:      202-408-4400
E-mail: bob.yoches@finnegan.com

Christopher S. Schultz (BBO No. 630814)
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Telephone:     617-646-1600
Facsimile:      617-646-1666
E-mail: christopher.schultz@finnegan.com

Ming-Tao Yang (*pro hac vice*)
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:     650-849-6600
Facsimile:      650-849-6666
E-mail: ming.yang@finnegan.com

        SEOUL SEMICONDUCTOR CO., LTD.,
        SEOUL SEMICONDUCTOR, INC., and
        SEOUL OPTODEVICE CO., LTD.

        */s/ Scott P. Lopez*
        Scott P. Lopez, BBO # 549556
        Lawson & Weitzen, LLP
        88 Black Falcon Avenue, Suite 345
        Boston, MA  02210
        Tel.: (617) 439-4990
        Fax: (617) 439-3987
        splopez@lawson-weitzen.com

        Vito J. DeBari (*pro hac vice*)
        Jonathan S. Caplan (*pro hac vice*)
        Aaron M. Frankel (*pro hac vice*)
        Kramer, Levin, Naftalis & Frankel, LLP
        1177 Avenue of the Americas
        New York, New York  10036
        vdebari@kramerlevin.com
        jcaplan@kramerlevin.com
        afrankel@kramerlevin.com
        Tel.: 212- 715-9100
        Fax: 212-715-8000

        Jennifer L. Jonak (*pro hac vice*)
        JONAK PUGH
        One Maritime Plaza, Suite 1600
        San Francisco, CA 94111
        jenny@jonak.com
        Tel:     510-501-6276
        Fax:    510-201-2010

<table>
<tr><td></td><td>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG LED CO., LTD.,<br>SAMSUNG ELECTRO-MECHANICS CO., LTD.,<br>SAMSUNG ELECTRO-MECHANICS AMERICA, INC., and<br>SAMSUNG LED AMERICA, INC.</td></tr>
<tr><td></td><td><i>/s/ Chad P. Albert</i></td></tr>
<tr><td>Robert T. Haslam (<i>pro hac vice</i>)<br>Kurt G. Calia (<i>pro hac vice</i>)<br>Covington & Burling LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Tel:  (650) 632-4700<br>Fax:  (650) 632-4800<br>rhaslam@cov.com<br>kcalia@cov.com<br><br>Jeffrey H. Lerner <i>(pro hac vice)</i><br>David A. Garr <i>(pro hac vice)</i><br>Chad P. Albert <i>(pro hac vice)</i><br>Covington & Burling LLP<br>1201 Pennsylvania Ave. NW<br>Washington, DC 20004<br>Tel:  (202) 662-6000<br>Fax:  (202) 662-6291<br>jlerner@cov.com<br>dgarr@cov.com<br>calbert@cov.com</td><td>Daniel P. Tighe, BBO # 556583<br>Adam R. Doherty, BBO # 669499<br>Prince Lobel Tye, LLP<br>100 Cambridge Street, Suite 2200<br>Boston, MA 02114<br>Tel:  (617) 456-8000<br>Fax:  (617) 456-8100<br>dtighe@princelobel.com<br>adoherty@princelobel.com</td></tr>
</table>

|  |  |
|---|---|
|  | NU HORIZONS ELECTRONICS LLC, ARROW ELECTRONICS, INC., COMPONENTSMAX, INC., and NRC ELECTRONICS, INC. |
|  | */s/ Chad P. Albert* |
| Robert T. Haslam *(pro hac vice)* | */s/ John R. Posthumus* |
| Kurt G. Calia *(pro hac vice)* | Daniel P. Tighe, BBO # 556583 |
| Covington & Burling LLP | Adam R. Doherty, BBO # 669499 |
| 333 Twin Dolphin Drive, Suite 700 | Prince Lobel Tye, LLP |
| Redwood Shores, CA 94065 | 100 Cambridge Street, Suite 2200 |
| Tel:  (650) 632-4700 | Boston, MA 02114 |
| Fax:  (650) 632-4800 | Tel:  (617) 456-8000 |
| rhaslam@cov.com | Fax:  (617) 456-8100 |
| kcalia@cov.com | dtighe@princelobel.com |
| *Representing ComponentsMAX and NRC* | adoherty@princelobel.com |

Jeffrey H. Lerner *(pro hac vice)*
David A. Garr *(pro hac vice)*
Chad P. Albert *(pro hac vice)*
Covington & Burling LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Tel:  (202) 662-6000
Fax:  (202) 662-6291
jlerner@cov.com
dgarr@cov.com
calbert@cov.com
*Representing ComponentsMAX and NRC*

John R. Posthumus (*pro hac vice*)
Sheridan Ross P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
jposthumus@sheridanross.com
Tel.: 303-863-9700
Fax: 303-863-0223
*Representing Arrow and Nu Horizons*

7

AMAZON.COM, INC.

*/s/ Kurt Glitzenstein*
Indranil Mukerji (BBO #644059)
FISH & RICHARDSON P.C.
1425 K St. NW, 11th Floor
Washington, DC 20005
Phone: 202-783-5070
Fax: 202-783-2331
mukerji@fr.com

Kurt Glitzenstein (BBO # 565312)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Phone:  617-542-5070
Fax:  617-542-8906
glitzenstein@fr.com

Robert Courtney (*pro hac vice*)
Phillip Goter (*pro hac vice*)
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth St.
Minneapolis, MN 55402
Phone: 612-335-5070
Fax: 612-288-9696
courtney@fr.com
goter@fr.com

|  | APPLE INC. |
|---|---|
|  | */s/ Nicholas G. Papastavros* |
| Mark D. Fowler (*pro hac vice*) | Nicholas G. Papastavros, BBO # 635742 |
| Summer Krause (*pro hac vice*) | Maya P. Choksi, BBO # 679861 |
| DLA PIPER LLP (US) | DLA Piper LLP (US) |
| 2000 University Avenue | 33 Arch Street, 26th Floor |
| East Palo Alto, CA 94303-2215 | Boston, MA 02110-1447 |
| Telephone: 650.833.2000 | Telephone: 617.406.6000 |
| Facsimile: 650.833.2001 | Facsimile: 617.406.6119 |
| mark.fowler@dlapiper.com | nick.papastavros@dlapiper.com |
| summer.krause@dlapiper.com | maya.choksi@dlapiper.com |

Gerald T. Sekimura (*pro hac vice*)
Stephanie Wang (*pro hac vice*)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA  94105
Telephone:    415.836.2500
Facsimile:    415.836.2501
gerald.sekimura@dlapiper.com
stephanie.wang@dlapiper.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 4, 2013.

                                                */s/ Christopher S. Schultz*_____  
                                                Christopher S. Schultz  
                                                Finnegan, Henderson, Farabow,  
                                                   Garrett & Dunner, LLP  
                                                Two Seaport Lane  
                                                Boston, MA 02210-2001  
                                                Telephone:     617-646-1600  
                                                Facsimile:     617-646-1666  
                                                E-mail: christopher.schultz@finnegan.com