UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **IN RE TRUSTEES OF BOSTON UNIVERSITY PATENT CASES**[1] | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action Nos. 12-11935-PBS 12-11938-PBS 12-12326-PBS 12-12330-PBS 13-10659-PBS 13-11097-PBS 13-11105-PBS 13-11575-PBS 13-11832-PBS 13-11963-PBS |

**ORDER ON THE PARTIES' PROPOSALS
FOR PROTECTIVE ORDER PROVISIONS**

November 15, 2013

Boal, M.J.

The above-captioned cases are patent infringement actions involving light emitting diodes ("LEDs") and the technology behind them. The parties have filed a "stipulated global protective order," but are unable to agree on several provisions. Docket No. 147. For the following reasons, this Court makes the rulings below.[2]

---

[1] These cases are captioned as follows: Trustees of Boston University v. Everlight Electronics Co., Ltd., et al., No. 12-11935; Trustees of Boston University v. Seoul Semiconductor Co., Ltd., et al., No. 12-11938; Trustees of Boston University v. Epistar Corporation, No. 12-12326; Trustees of Boston University v. Lite-On, Inc., et al., No. 12-12330; Trustees of Boston University v. Samsung Electronics Co., Ltd., et al., No. 13-10659; Trustees of Boston University v. Amazon.com, Inc., No. 13-11097; Trustees of Boston University v. Arrow Electronics, Inc., et al., No. 13-11105; Trustees of Boston University v. Apple, Inc., No. 13-11575; Trustees of Boston University v. Hewlett-Packard Company, No. 13-11832; and Trustees of Boston University v. Vyrian, Inc., No. 13-11963. For ease of reference, cites to docket numbers shall be to the Everlight Electronics Co. case, No. 12-11935.

[2] On September 9, 2013, the District Court referred these cases to this Court for full pretrial case management, including dispositive motions. Docket No. 149.

1

On September 6, 2013, BU and the Defendants[3] filed a "stipulated global protective order" (the "Global Protective Order").  Docket No. 147.  The Global Protective Order, however, contains several provisions on which the parties could not agree, and for which BU and the Defendants have presented their respective proposals to the Court.  Id.

That same day, BU filed a motion for entry of its protective order provisions.  Docket No. 148.  On September 20, 2013, the Defendants opposed BU's motion and, in substance, cross-moved for entry of their proposed provisions.  Docket No. 159.  This Court heard oral argument on October 22, 2013.  With leave of court, BU and the Defendants filed reply and sur-reply briefs respectively, on October 28, 2013 and October 31, 2013.  Docket Nos. 191, 196.

Although BU and the Defendants disagree on numerous provisions within the Global Protective Order, the parties offer arguments on behalf of a relatively small number of provisions.  For that reason, this Court issues a separate protective order and resolves many of the disagreements, after careful consideration of the various provisions, without further explanation.  It sets forth its reasons below for only the hotly contested provisions.

Definition Of "Outside Consultant" - ¶ 11

Defendants propose that the definition of "Outside Consultant" should be limited to a person "who currently or within the last three years, is not an employee of or consultant for a Party or of a competitor of an opposing Party."  Docket No. 147 ¶ 11.  Defendants argue that this

---

[3] "Defendants" refers to Epistar Corporation; Everlight Electronics Co., Ltd.; Everlight Americas, Inc.; Lite-On Inc.; Lite-On Service USA, Inc.; Lite-On Trading USA, Inc.; Lite-On Technology Corporation; Samsung Electronics Company, Limited; Samsung Electronics America, Incorporated; Samsung LED Company, Limited; Samsung Electro-Mechanics Company, Limited; Samsung Electro-Mechanics America, Incorporated; Samsung LED America, Incorporated; Seoul Semiconductor Co, Ltd.; Seoul Semiconductor, Inc.; Seoul Optodevice Co., Ltd.; Amazon.com, Inc.,; Apple Inc.; Arrow Electronics, Inc.; ComponentsMax, Inc.; NRC Electronics, Inc.; NU Horizons Electronics Corporation; Hewlett-Packard Company; and Vyrian, Inc.

language is necessary to guard against the use and/or disclosure of confidential information by BU professors and competing Defendant entities.  Docket No. 159 at 13-15.[4]

Defendants' proposal appears unduly restrictive and unnecessary.  The agreed-to provisions in paragraph 20 of the Global Protective Order allow a party to object to the production of confidential information to certain Outside Consultants.  See Docket No. 147 ¶ 20.  Specifically, a party may object to disclosure on the basis that (1) the Outside Consultant had a prior confidential relationship with an adverse party and the adverse party disclosed confidential information to the Outside Consultant that is relevant to the current litigation, or (2) the Outside Consultant is a competitive decision-maker.  Id.  In addition, the Court will adopt Defendants' proposal for objections where there is another objectively reasonable concern that an Outside Consultant would use or disclose confidential information in a manner inconsistent with the Global Protective Order.  See id. at ¶ 20(3).  The procedure in paragraph 20, therefore, affords the parties a means of objecting to disclosure to Outside Consultants on a case-by-case basis.  Given this objection procedure, the Court declines to adopt Defendants' definition of Outside Consultant.

Disclosures To Outside Counsel - ¶ 15(b)

Defendants propose that materials designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" may be disclosed to retained outside Counsel of Record "provided that such Counsel of Record is not involved in competitive decision-making."  Docket No. 147 ¶ 15(b).  In particular, Defendants argue that Michael Shore, lead trial counsel for BU, is a competitive decision-maker because of his relationship to two companies that are active in the field of MOSFET (metal-oxide-semiconductor field-effect transistor) semiconductor technology:  Third

---

[4] When citing to the parties' briefs, this Court cites to the docket page numbers rather than the page numbers in the original documents.

Dimension Semiconductor, Inc. ("3D Semi"), and Power Mosfet Technologies, LLC ("PMT"). See Docket No. 159 at 17-21.[5]

In support of their proposed provision, Defendants rely on Fairchild Semiconductor Corp. v. Third Dimension Semiconductor, Inc., No. 09-158-PH, 2009 WL 1210638 (D. Me. Apr. 30, 2009). In Fairchild, the court found Shore to be a "litigation-based competitive decisionmaker" for 3D Semi because he had a direct and indirect ownership interest in 3D Semi, was a 3D Semi board member, negotiated the licensing agreements at issue, maintained close contact with 3D Semi's CEO, and had 3D Semi's competitive interests firmly in mind. Fairchild, 2009 WL 1210638 at *11.

The Defendants have not sufficiently linked the technology at issue in this case with that in Fairchild to show that Shore is a competitive decision-maker for purposes of this case. Shore states that MOSFET technology is completely unrelated to GaN LEDs, Docket No. 148, Ex. A ¶ 5, and the Defendants do not refute this representation. Nor have the Defendants shown that 3D Semi is a competitor in a field pertinent to these cases. Accordingly, Defendants have not met their burden to show that this Court should adopt their proposed provision.

Patent Prosecution And Acquisition Bars - ¶¶ 16(a)-(b)

BU and the Defendants have proposed separate provisions regarding the rights of BU, its outside Counsel of Record, and/or its Outside Consultants to participate in patent prosecution and patent acquisition. Docket No. 147 ¶¶ 16(a)-(b).

---

[5] In a July 19, 2013 order, this Court ruled that there was no evidence at that time to support a finding that Shore was a competitive decision-maker. Docket No. 110. As described herein, the Defendants, some of whom were not parties to that prior decision, present new arguments and evidence on this issue.

BU seeks to include the following provision:

> Pursuant to the Court's July 19, 2013 ruling on this issue, this Protective Order does not affect the right of Plaintiff or Plaintiff's counsel to participate in any Inter Parties Review, Ex Parte Review, reexamination, or opposition of the patents-in-suit or of any other patent that has a common priority claim with the patents-in- suit, that claims priority to (directly or indirectly) to the patents-in-suit, or that is otherwise related to the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office.

Docket No. 147 ¶ 16(a).

BU's proposal is broader than this Court's July 19, 2013 order and the Court declines to expand the scope of that order. Accordingly, it will not adopt the provision proposed by BU.

Defendants propose the following provision:

> Plaintiff's Retained outside Counsel of Record and Outside Consultants may not advise any clients or otherwise participate in the acquisition of patents involving GaN light-emitting diodes or GaN laser diode semiconductor devices for the purpose of asserting them against any of the Defendants for two years after the conclusion of the Litigation, including any appeals.

Docket No. 147 ¶ 16(b).

A patent acquisition bar may be appropriate to prevent trial counsel from inadvertently disclosing confidential information when advising on subsequent patent acquisitions. See EPL Holdings, LLC v. Apple Inc., No. C-12-04306 JST (JSC), 2013 WL 2181584, at *4-5 (N.D. Cal. May 20, 2013); Unwired Planet, LLC v. Apple Inc., No. 12-00505-RCJ(VPC), 2013 WL 1501489, at *7 (D. Nev. Apr. 11, 2013). The concerns justifying a patent acquisition bar for counsel also extend to trial experts and consultants. See Eon Corp. IP Holdings, LLC v. AT&T Mobility LLC, et al., 881 F. Supp. 2d 254, 258 (D.P.R. 2012).

Based on the record before the Court, Defendants' patent acquisition bar is appropriate in nature and scope. The provision applies only to the subject matter of the patents-in-suit and

expires two years after the conclusion of this litigation. Accordingly, the Court will adopt the Defendants' proposal.

Source Code - ¶ 30(e)

Defendants propose that the Global Protective Order include a specific provision that it does "not govern the production of source code" and that additional protections will be needed if source code must be produced. Docket No. 147 ¶ 30(e). This litigation does not concern software, and the parties agree that there is likely no need to produce source code. Docket No. 159 at 24. Nevertheless, the Court finds that if source code is sought in discovery, additional safeguards may be needed at that time. Accordingly, the Court will adopt Defendants' provision.

For all these reasons, this Court grants in part and denies in part each party's motion for entry of its proposed protective order. The Court will issue a global protective order consistent with this order.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE