IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
TRUSTEES OF BOSTON UNIVERSITY,            )          Consolidated Civil Action No.
Plaintiff,                                          )          12-cv-11935-PBS
v.                                                  )
EVERLIGHT ELECTRONICS CO., LTD.,          )
et al.,                                             )
Defendants.                                         )
_____  )
                                                    )
TRUSTEES OF BOSTON UNIVERSITY,            )          Civil Action No.
Plaintiff,                                          )          12-cv-12326-PBS
v.                                                  )
EPISTAR CORPORATION, et al.,              )
Defendants.                                         )
_____  )
                                                    )
TRUSTEES OF BOSTON UNIVERSITY,            )          Civil Action No.
Plaintiff,                                          )          12-cv-12330-PBS
v.                                                  )
LITE-ON INC., et al.,                       )
Defendants.                                         )
_____  )

REPORT AND RECOMMENDATION ON EPISTAR CORPORATION'S
MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF
[Docket No. 269]

March 7, 2014

Boal, M.J.

This is a patent infringement action involving light emitting diodes ("LEDs") and the

technology behind them.  Plaintiff Trustees of Boston University ("BU") is an educational

institution that owns by assignment a patent claiming LEDs and related technology.  Defendants[1]

_____

[1] The defendants in this action are Everlight Electronics Co., Ltd., Everlight Americas, Inc., Epistar Corp., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Trading USA, Inc., and Lite-On Technology Corp.  They are referred herein collectively as "Defendants."

are companies that manufacture LEDs. BU alleges that the Defendants produce and sell

products that infringe upon U.S. Patent No. 5,686,738 (the "'738 patent").

Defendant Epistar Corporation ("Epistar") has moved for Rule 11 sanctions against BU.

Docket No. 269. BU cross-moved for sanctions under Rule 11 and 28 U.S.C. § 1927. Docket

No. 307.[2] For the following reasons, this Court recommends that the District Judge assigned to

this case deny the motions.[3]

I.      FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2012, BU filed its complaint against Epistar and LEDLight.com, LLC,

as well as separate suits against other electronics companies, alleging that they produce and sell

products that infringe upon the '738 patent. See Trustees of Boston Univ. v. Epistar Corp., No.

12-cv-12236-PBS (D. Mass.) at Docket No. 1. On May 29, 2013, the cases before the Court

were consolidated for pre-trial and discovery purposes, Docket No. 61, and the Court issued a

scheduling order. Docket No. 62.

The Complaint alleges, inter alia, that "Defendants' product bearing product code(s)

53436, Par 30 10W Dimmable LED, Epistar 85-265VAC 80, 53436W Par 30 10W is a gallium

nitride thin film semiconductor device claimed by the '738 patent and thus infringes one or more

claims of the '738 patent." Complaint, ¶ 10. The Complaint also alleges that BU "is informed

and believes, and further alleges, that additional products of Defendants also constitute and/or

_____

[2] On September 9, 2013, the District Court referred this case to the undersigned for full pretrial management, including dispositive motions. Docket No. 149.

[3] BU also filed objections to affidavits submitted by Epistar in support of its Rule 11 motion. Docket Nos. 275, 339. Epistar, in turn, moved to strike those objections. Docket Nos. 300, 349. The Court finds it unnecessary to consider BU's objections and denies Epistar's motions to strike.

include the claimed gallium nitride thin film semiconductor device and also infringe one or more

claims of the '738 patent, including light emitting diodes ("LEDs") and products bearing LEDs.

Id.

On January 11, 2013, Epistar's counsel told BU that the product identified in the

Complaint (referred to herein as the "VAC 80") was not a product which Epistar sells:

> Epistar is surprised by Boston University's assertion of U.S. Patent No.
> 5,686,738, in part because the product Boston University identified is not a
> product that Epistar offers or sells.  In fact, Boston University may have mistaken
> another company's product as Epistar's.

Docket No. 271-2.  BU's counsel responded: "I would like to clarify your allegation: Do you

contend that Epistar does not make the LED incorporated in Epistar LED Light Par 300 10W #

85-265 VAC 80?"  Id.  Epistar responded by stating: "The product you identified is not Epistar's

product."  Id.

Epistar alleges that the VAC 80 identified in the Complaint appears to come from

LEDLight.com, "an online seller of LED lights based in Arizona, a company which Epistar does

no business with, is not an authorized distributor of Epistar's products, and has no authorization

to use Epistar's trade name."  Docket No. 270 at 3.  On April 12, 2013, Epistar asked LEDLight

to stop immediately its unauthorized use of Epistar's trademarks.  Docket No. 271-1.  On June 6,

2013, BU and LEDLight settled with a stipulation of final judgment against LEDLight.  Trustees

of Boston Univ. v. Epistar Corp., No. 12-cv-12236-PBS (D. Mass.), at Docket Nos. 40, 45.

BU filed preliminary infringement contentions, which included tables identifying

products which BU alleges are sold or manufactured by Epistar and infringe on claims 1, 2, 7, 9,

10, 18, and 19 of the '738 Patent.  See Docket Nos. 75, 162, 168, 177, 183, and 210.  In its

preliminary infringement disclosures, BU identified products from Collection LED's website as

Epistar's products.  See Docket No. 177.  According to Epistar, none of those products are sold

or manufactured by it.  Docket No. 270 at 6.  The only reference to Epistar appears from

Collection LED's product descriptions for each of those products.  Id.  Epistar maintains that

Collection LED's references to Epistar are inaccurate and it has asked Collection LED to cease

its unauthorized use of Epistar's trademarks in the product descriptions.  Id.

II.      ANALYSIS

     A.      Standard Of Review

"Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a

frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose."

CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011).[4]  Rule 11,

however, "is not a strict liability provision, and a showing of at least culpable carelessness is

required before a violation of the Rule can be found."  Id. (quoting Citibank Global Mkts., Inc. v.

Santana, 573 F.3d 17, 32 (1st Cir. 2009)).  "The mere fact that a claim ultimately proves

unavailing, without more, cannot support the imposition of Rule 11 sanctions."  Id. (quoting

Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir.

1999)).

Whether a party breaches his duty under Rule 11 to conduct a reasonable inquiry into the

facts and the law "depends on the objective reasonableness of the litigant's conduct under the

totality of the circumstances."  CQ Int'l Co., Inc., 659 F.3d at 62 (citation omitted).  In

determining whether a party has failed to comply with Rule 11, the Court may examine a number

---

[4] Although this is a patent infringement action, the Court must apply the law of the First
Circuit in deciding whether to grant or deny Rule 11 sanctions.  See Raylon, LLC v. Complus
Data Innovations, Inc., 700 F.3d 1361, 1367 (Fed. Cir. 2012).

of factors, including "the complexity of the subject matter, the party's familiarity with it, the
time available for inquiry, and the ease (or difficulty) of access to the requisite information." Id.
at 62-63 (citing Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992)).  A party need
not carry an investigation "to the point of absolute certainty." Id. at 63 (quotation omitted).
"Rather, it is sufficient if a factual contention 'will likely have evidentiary support after a
reasonable opportunity for further investigation or discovery.'" Id. (citing Fed. R. Civ. P.
11(b)(3)).  "At its core, the imposition of sanctions is a judgment call." Nyer v. Winterthur Int'l,
290 F.3d 456, 462 (1st Cir. 2002) (citations omitted).

Rule 11 is "intended to facilitate case management, not to increase caseload by requiring
a district court to analyze the reasonableness of legal and factual contentions that it would
otherwise not have to ascertain." CQ Int'l Co., Inc., 659 F.3d at 62.  The First Circuit has stated
that "[it] will not invite full-scale satellite litigation in the area of sanctions, nor will [it] require
district courts to spend valuable judicial resources in punctiliously analyzing the reasonableness
of each and every legal and factual contention made by a party where . . . such analysis is not
necessary to resolve the merits of the central claim in dispute." Id.

B.      Rule 11 Sanctions Against BU Are Not Warranted In This Case

Epistar argues that BU has no basis in fact or in law to maintain this suit against it
because the products BU has identified as infringing the '738 Patent are not Epistar's products.
Docket No. 270 at 9-11.  Epistar, however, has not definitively shown at this stage that it does
not sell or manufacture the accused products.  It also has not shown that BU had no reasonable
basis to believe that the accused products, or components in the accused products, are
manufactured or sold by Epistar.

"When necessary evidence is in the opposing party's exclusive possession, counsel may file a complaint based on reasonable inferences from whatever evidence is available, notwithstanding Rule 11." Vista Mfg., Inc. v. Trac-4, Inc., 131 F.R.D. 134, 143 (N.D. Ind. 1990). "If discovery is necessary to establish a claim, then it is not unreasonable to file a complaint so as to obtain the right to conduct that discovery." Id. (quoting Frantz v. United States Powerlifting Fed., 836 F.2d 1063, 1068 (7th Cir. 1987)). "Rule 11 does not bar the courthouse door to people who have some support for a complaint but who need discovery to prove their case." Id.

BU alleges that LEDs are minuscule and contain no commercial identifiers, which makes it difficult to determine who manufactures them. Docket No. 307 at 8. BU also alleges that it secured various Epistar LEDs, reverse engineered them and determined that they infringe on BU's patents. See Docket Nos. 75, 162, 168, 177, 183, and 210. BU's preliminary infringement contentions show that it had some evidence that Epistar in fact may have manufactured or sold the accused products. See, e.g., Docket No. 162-1 at 3; 177-1 at 3, 177-2 at 3. As Epistar's own filings indicate, LEDLight.com demanded indemnity from Epistar, which indicates that it believes that the VAC 80 includes an infringing component manufactured by Epistar. See Docket No. 271-1. Therefore, it appears that BU has some support for its claims. On the other hand, much of the information necessary to establish BU's claims, including whether the accused products are in fact Epistar products, appears to be in Epistar's possession. Although Epistar has denied that it sells or manufactures the accused products, it has provided no definitive evidence to support that assertion and BU is not required to take its word. BU is entitled to conduct discovery in order to probe Epistar's assertions. See, e.g., Hoffman-LaRoche, Inc. v. Invamed,

Inc., 213 F.3d 1359, 1364 (Fed. Cir. 2000) (noting that the fact that at the end of their pre-suit

investigation, the plaintiffs "had neither evidence of infringement nor noninfringement . . ., that

they chose to file suit and engage in discovery instead does not subject them to sanctions.").

Accordingly, the Court finds that BU has not violated Rule 11 and recommends that the District

Court deny Epistar's motion.

        C.       BU's Cross-Motion For Sanctions Against Epistar

BU cross-moved for Rule 11 sanctions against Epistar on the grounds that Epistar's Rule

11 motion is objectively baseless and made only in bad faith.  Docket No. 307 at 20-22.  Though

Epistar's motion lacks sufficient merit, it was not so plainly unmeritorious as to warrant the

imposition of sanctions.  Accordingly, the Court recommends denial of BU's cross-motion for

Rule 11 sanctions against Epistar.

BU also argues that the Court should sanction Epistar's counsel under 28 U.S.C. § 1927.

Section 1927 permits sanctions to be imposed against any lawyer "who so multiplies the

proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  The First Circuit has

adopted an objective standard in determining whether a lawyer's actions are unreasonable or

vexatious.  Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008).  "Litigation conduct

qualifies as 'vexatious' if it is 'harassing or annoying, regardless of whether it is intended to be

so.'"  Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 245 (1st Cir. 2010) (quoting Cruz v. Savage,

896 F.2d 626, 632 (1st Cir. 1990)).

Section 1927 "does not apply to 'garden-variety carelessness or even incompetence,' but

instead requires that the 'attorney's actions . . . evince a studied disregard of the need for an

orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer

of the court.'" Id. at 245-46 (quoting Jensen, 546 F.3d at 64). Bad faith is not necessary but a

finding of bad faith is "a telltale indicium of sanctionable conduct." Jensen, 546 F.3d at 64. The

lawyer's conduct must be evaluated without the benefit of hindsight. New England Surfaces v.

E.I. Dupont de Nemours and Co., 558 F. Supp. 2d 116, 124 (D. Me. 2008) (citing Christiansburg

Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)).

The party requesting sanctions bears the burden to show that the attorney's conduct is

sanctionable under Section 1927. Id. Considering all of the circumstances, the Court finds that

BU has failed to show that Epistar's counsel should be sanctioned under Section 1927.

Accordingly, it recommends that the District Court deny BU's cross-motion for sanctions.

III.     RECOMMENDATION

For the reasons stated herein, this Court recommends to the District Judge assigned to

this case that she deny Epistar's motion for Rule 11 sanctions. This Court also recommends that

the District Court deny BU's cross-motion for sanctions under Rule 11 and 28 U.S.C. § 1927.

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report

and Recommendation. The written objections must specifically identify the portion of the

proposed findings, recommendations, or report to which objection is made, and the basis for such

objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d

343 (1st Cir. 1993).

  /s/ Jennifer C. Boal<br>
JENNIFER C. BOAL<br>
UNITED STATES MAGISTRATE JUDGE
