UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
TRUSTEES OF BOSTON UNIVERSITY,     )
                    Plaintiff     )
                                   )
v.                                 )     Civil Action
                                   )     No. 12-11935
                                   )
EPISTAR CORPORATION, et al.,       )
          Defendant                )
                                   )
_____)

**ORDER**

October 14, 2015

Saris, C.J.

   Plaintiff Trustees of Boston University (BU) has filed suit against Epistar Corporation, Everlight Electronics Co., Ltd., and Lite-On Inc., alleging infringement of Claims 1, 2, 7, 9, 10, 18, and 19 of U.S. Patent No. 5,686,438. The defendants allege noninfringement of all claims as well as invalidity of the underlying patent. Before the Court is BU's motion in limine to exclude noninfringement defenses based on non-Epistar LEDS (Docket No. 1394) and Epistar's motion in limine to exclude evidence regarding accused products not represented by the four Epistar Exemplar parts (Docket No. 1406). After hearing, I **ALLOW** BU's motion and **DENY** the defendants' motion.

1

BU argues that the four Epistar Exemplar parts identified during summary judgment briefing represent every Accused Product in this case. Accordingly, they contend, the Court should bar Everlight and Lite-On from offering noninfringement arguments based on non-Epistar parts at trial. In response, the defendants argue that the parties had a limited draft stipulation that the four Exemplars are representative only of certain Epistar parts, and do not cover other Epistar LEDs or LED packages made by Everlight and Lite-On using GaN chips from non-Epistar suppliers. The defendants thus request that all evidence and testimony regarding these non-covered parts be excluded.

I deny the defendants' motion to exclude all evidence of parts that allegedly were not made by Epistar from the upcoming trial. Everlight and Lite-On responded to BU's master interrogatories by adopting Epistar's Exemplar defense, and never made any statements indicating an intent to raise independent noninfringement defenses based on products built with GaN chips from third-party suppliers. Remarkably, the defendants admitted at the hearing that they have never produced any documents showing that the non-Epistar accused parts do not infringe the '738 patent, or tested those parts to determine whether or not they infringe.

The parties submitted a draft stipulation, never finalized, and an email exchange addressing this issue, both of which state

that the Exemplars cover "all GAN wafers sold by Epistar since 2007." Docket No. 1060-1, Ex. A; Docket No. 1435-1, Ex. A. Epistar now argues that the Exemplar parts cover only Epistar's Venus, Mars, J, L, and F series GaN parts. But the record contains no evidence that there are any Epistar parts not falling into these named series, and even if there are, the defendants have persistently failed to respond to BU's repeated requests for Exemplars covering <u>all</u> Accused Products.

Federal Rule of Civil Procedure 37(c)(1) provides a "self-executing sanction" for the failure to make required evidentiary disclosures. <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.</u>, 248 F.3d 29, 33 (1st Cir. 2001). The court may preclude late-disclosed evidence in its discretion if the untimely disclosure was not (1) substantially justified and (2) harmless under Fed. R. Civ. P. 26. <u>Id.</u> Here, the defendants offered no explanation for their failure to turn over non-Epistar parts, and this conduct cannot be characterized as harmless where BU prepared expert reports and trial theories only on the basis of the Exemplars. <u>See</u> <u>HipSaver Co., Inc. v. J.T. Posey Co.</u>, 497 F. Supp. 2d 96, 103-104 (2007) (late disclosure not substantially justified when in violation of court's scheduling order and not harmless where plaintiff "prepared its expert report on the basis of incomplete data").

3

For the foregoing reasons, BU's motion is **ALLOWED** and Epistar's **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge