## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, )<br>            Plaintiff,     )<br>                           )<br>        v.                 )<br>                           )<br>EVERLIGHT ELECTRONICS CO., LTD.,)<br>et al.,                    )<br>            Defendants.    )<br>_____) | Consolidated Civil Action No.<br>12-11935-PBS |

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, )<br>            Plaintiff,     )<br>                           )<br>        v.                 )<br>                           )<br>EPISTAR CORPORATION, et al.,   )<br>            Defendants.    )<br>_____) | Civil Action No. 12-12326-PBS |

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, )<br>            Plaintiff,     )<br>                           )<br>        v.                 )<br>                           )<br>LITE-ON INC., et al.,      )<br>            Defendants.    )<br>_____) | Civil Action No. 12-12330-PBS |

## <u>ORDER</u>

October 20, 2015

Saris, C.J.

    BU has filed three motions to strike (1) "undisclosed"

validity defenses (Docket No. 1367); (2) "undisclosed"

noninfringement evidence and theories (Docket No. 1369); and (3)

"undisclosed" damages evidence (Docket No. 1376). The defendants

opposed all three motions (Docket Nos. 1388, 1442, 1456). After

a review of the papers, I **DENY** the first two motions and **ALLOW** the third in part and **DENY** it in part for the following reasons.

BU first argues that Epistar's expert was not permitted to wait until the close of fact discovery to conduct reverse-engineering tests on its four Exemplar parts. As the parties agreed, fact discovery closed on July 17, 2015, opening expert reports were due on August 21, 2015, rebuttal expert reports by September 11, 2015, and expert depositions by September 21, 2015. Plaintiff's trial expert report analyzed tests conducted on the Exemplar products. Dr. Redwing tested the Exemplars after the close of fact discovery, but before the end of expert discovery. The rebuttal expert report was timely.

A rebuttal expert report is permissible if it is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26. So long as a rebuttal expert report addresses the "same subject matter" as the report it contradicts, it need not use the same methodology or data as that report; to require as much "would impose an additional restriction on the parties that is not included in the Rules." TC Systems Inc. v. Town of Colonie, New York, 214 F. Supp. 2d 171, 180 (N.D.N.Y. 2002); see also Panasonic Commc'ns Corp. of Am. v. United States, 108 Fed. Cl. 412, 414-15 (2013) (allowing expert rebuttal report which included testing data conducted after filing of initial expert

reports). The motion to strike noninfringement evidence and theories is **DENIED**.

I also **DENY** BU's motion to strike what it characterizes as Epistar's three new, previously undisclosed theories of validity. BU argues that these theories did not appear in the defendants' initial invalidity disclosures and cannot now be relied upon at trial. Epistar concedes that the precise formulation of its invalidity theories may not have appeared in its initial disclosures, but argues that it made these arguments throughout discovery, summary judgment briefing, and various oral arguments. A review of the record bears out the defendants' position. Plaintiff was on notice of all of the challenged theories. Indeed, BU responded to these arguments on the merits at various points. For example, BU complains that Epistar now raises for the first time an argument that the claims of the '738 patent are not what Moustakas regarded as his invention. But in its opposition to the defendants' motion for summary judgment on invalidity, BU used precisely this language, stating that "Defendants have failed to prove by clear and convincing evidence that the claims of the "738 patent are invalid because they do not claim the subject matter the inventor regarded as his invention." Docket No. 945 at 2.

Finally, BU moves to strike certain documents appended to the defendants' rebuttal expert report of Dr. Mangum, consisting

of spreadsheets, purchase orders, and invoices. The record does not make clear which documents were available through BU's review of Epistar's SAP database system in July-August 2015. To the extent that BU could access the disputed documents through SAP, I **DENY** the motion to strike. To the extent that the documents on which Mangum relied have never been made available to BU, I **ALLOW** the motion to strike. The parties shall confer to resolve this issue as to which documents were included in the SAP database.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge