**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, ) | |
| Plaintiff, ) | |
| ) | Consolidated Civil Action No. |
| v. ) | 12-11935-PBS |
| ) | |
| EVERLIGHT ELECTRONICS CO., LTD.,) | |
| et al., ) | |
| Defendants. ) | |
| | |
| TRUSTEES OF BOSTON UNIVERSITY, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-12326-PBS |
| v. ) | |
| ) | |
| EPISTAR CORPORATION, et al., ) | |
| Defendants. ) | |
| | |
| TRUSTEES OF BOSTON UNIVERSITY, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-12330-PBS |
| v. ) | |
| ) | |
| LITE-ON INC., et al., ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

October 23, 2015

Saris, C.J.

The plaintiffs have moved to strike the report of Russell W. Mangum, III, the defendant's damages expert (Docket No. 1420). BU argues (1) that Mangum is not competent to rebut Dr. Lebby's testimony as to the "design win" theory; (2) that Mangum

1

applies a license defense that has not been pled; (3) that Mangum utilized flawed methodology vis-à-vis the hypothetical negotiation calculation; and (4) that Mangum serves as a "mouthpiece" by summarizing certain hearsay testimony of the Defendants' employees. After a review of the papers, the motion is **ALLOWED** in part, **DENIED** in part, and **DENIED WITHOUT PREJUDICE** in part.

AS to BU's first argument that Mangum should be precluded from debunking Lebby's design-win testimony, the Court has already ruled that design-win arguments are deferred until after the jury verdict (Docket No. 1476). For this reason, I will not address Mangum's competency to testify on this point now. To this extent, the motion to strike is **DENIED WITHOUT PREJUDICE**.

BU also challenges Mangum's reliance on a license defense that it asserts was not properly pled. I have ruled that the defendants are entitled to rely on the license defense (Docket No. 1473), and to this extent, the motion to strike is **DENIED**.

BU's arguments as to Mangum's royalty rate calculation are more complicated. The parties agree that the hypothetical negotiation approach is the correct method to use to determine the reasonable royalty in this case, and that the hypothetical license should be non-exclusive. They also both use the BU-Cree exclusive license agreement for the '738 patent as a starting point to derive the royalty rate.

However, while BU's damages expert looks to the entire BU-Cree license agreement—including royalties Cree paid to BU for direct sales of products practicing the patent and royalties Cree paid to BU for sublicensee sales—Mangum focuses on the royalties Cree paid to BU for sublicensee sales. Mangum argues that the sublicensee royalties better represent what BU would have been willing to accept for the hypothetical non-exclusive license between BU and Epistar because the sublicenses were also non-exclusive. BU argues that this initial decision to focus on the sublicensee royalties Cree paid to BU is wrong and "infects" his entire report, making it unreliable under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Docket No. 1426, at 11.

BU also disagrees with Mangum on the significance of a number of other factors underlying the BU-Cree license negotiation to the hypothetical negotiation including: whether BU wanted to only license domestic manufacturers at the time of the hypothetical negotiation in 2000, whether the BU-Cree license assumed the '738 patent was valid and infringed, why Cree took a license to the '738 patent in the first place, and BU's objectives in entering into the license agreement with Cree. This dispute ultimately turn on "questions regarding which facts are most relevant for calculating a reasonable royalty," which "are properly left to the jury." Virnetx, Inc. v. Cisco

Sys., Inc., 767 F.3d 1308, 1328 (Fed. Cir. 2014). Thus, the motion to strike Mangum's testimony on the reasonable royalty rate calculation is **DENIED**.

Finally, BU argues that Mangum merely acted as a mouthpiece for the defendants and the defendants' employees. Much of Mangum's reliance on employee testimony was in service of the design-win theory and thus not relevant to the upcoming trial. But to the extent that Mangum relied on employee testimony in service of his royalty theory, he is entitled to do so, and the motion to strike is **DENIED**. An expert may rely on hearsay evidence under Fed. R. Evid. 703 provided that he "form[s] his own opinions by applying his extensive experience and a reliable methodology to the inadmissible materials." United States v. Mejia, 545 F.3d 179, 197 (2d Cir. 2008); see, e.g., Int'l Adhesive Coating Co., Inc. v. Bolton Emerson Intern., Inc., 851 F.2d 540, 545 (1st Cir. 1988) (accountant damages expert entitled to rely on interviews with company personnel and company's business and financial records). Moreover, the parties stipulated that all experts were entitled to rely on the testimony of lay witnesses such as defendant employees so long as those witnesses would be made available for cross-examination at trial. See Docket No. 1362.

However, Mangum cannot merely "parrot" the out-of-court statements of employees, for an expert who does as much is

4

merely a "ventriloquist's dummy." United States v. Brownlee, 744 F.3d 479, 482 (7th Cir. 2014). Rule 703 "was never intended to allow oblique evasions of the hearsay rule" or to

> allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.

Factory Mut. Ins. Co. v. Alon USA L.P., 705 F.3d 518, 524 (5th Cir. 2013) (citation omitted). To that limited extent, the motion to strike is **ALLOWED**. For example, Mangum's report states:

> According to Titus Chang, the Associate Vice President of Epistar Coroporation, since at least 2007, all of the purchase orders from Bridgelux for the accused products were received in Epistar's Taiwan office.

If the defendants seek to introduce this testimony, Mr. Chang must take the stand and offer it himself. Mangum cannot simply recite the words of those lay witnesses he interviewed.

### ORDER

The defendant's motion to strike the expert report of Russell W. Mangum, III (Docket No. 1420) is **ALLOWED** in part, **DENIED** in part, and **DENIED WITHOUT PREJUDICE** in part.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

5