# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br>    *Plaintiff,*<br>vs.<br>EVERLIGHT ELECTRONICS CO., LTD.,<br>ET AL.,<br>    *Defendants.* | Consolidated Civil Action No.<br>12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>    *Plaintiff,*<br>vs.<br>EPISTAR CORPORATION,<br>    *Defendant.* | Civil Action No. 12-cv-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>    *Plaintiff,*<br>vs.<br>LITE-ON INC., ET AL.,<br>    *Defendants.* | Civil Action No. 12-cv-12330-PBS |

## PLAINTIFF'S BENCH BRIEF
## CONCERNING DEFENDANTS' JUDICIAL ADMISSIONS

It is well established that admissions by counsel during the course of legal proceedings bind the client if the admission, when viewed in context, was clear and unambiguous. *See e.g. Butynski v. Springfield Terminal R.Co.*, 592 F.3d 272, 277 (1st Cir. 2010) ("We begin with first principles. Counsel can make admissions during trial that will bind the client. Such admissions can be derived from the contents of opening statements or closing arguments. *Id.* In order to qualify as an admission under this rubric, such a statement, when viewed in context, must be clear and unambiguous.") (citations omitted); *Alexander v. Univ. of*

*Massachusetts Med. Sch.*, No. CIV.A. 09-10776-RGS, 2009 WL 4030815, at *2 n.6 (D. Mass. Nov. 20, 2009) ("The admission of an attorney in the course of legal proceedings is binding on the client."); *see also Lima v. Holder*, 758 F.3d 72, 79 (1st Cir. 2014) ("And 'an admission of counsel during trial is binding on the client' if, in context, it is 'clear and unambiguous.'").

Judicial admissions are conclusive on the party making them and cannot be rebutted by other evidence. *United States v. Belculfine*, 527 F.2d 941, 944 (1st Cir. 1975). Thus, judicial admissions arise only from "voluntary waivers that expressly concede for the purposes of trial the truth of an alleged fact." *Id.*

In this case, Defendants' counsel made the following two clear and unambiguous judicial admissions:

> A polycrystalline material has multiple grains or crystals, and thus has at least one grain boundary.[1]
>
> There are low-angle grain boundaries in the buffer layer of each Exemplar Part.[2]

The first judicial admission above was made by Defendants in paragraph 58 of the pleading Concise Statement of Undisputed Material Facts in Support of Defendant Epistar's Renewed Motion for Summary Judgement of Noninfringement of All Asserted Claims of the '738 Patent.[3] Epistar told the Court that it was an undisputed material fact that a "polycrystalline material has multiple grains or crystals, and thus has at least one grain boundary."[4] This statement is clear and unambiguous and the context in which it was made (as an undisputed material fact in support of a motion for summary judgment) demonstrates

---

[1] Dkt. 1111 at ¶ 58.
[2] Dkt. 1240: Hearing Transcript at 62:21-64:23.
[3] Dkt. 1111 at ¶ 58.
[4] *Id.*

that this was a clear an unequivocal judicial admission. Thus, Epistar should be barred from offering any evidence at trial to controvert this admission.

The second judicial admission, that there are low angle grain boundaries in each exemplar part -- was made during oral argument concerning the same summary judgment motion. At that hearing, Defendants' counsel Mr. Yoches unequivocally told the Court that "there are low-angle grain boundaries in the buffer" when the GaN LEDs are made using the Defendants' manufacturing processes:"[5]

\*\*\*

```
4        MR. YOCHES:  Gallium nitride in this situation
5   inherently has low-angle grain boundaries.
6        THE COURT:  From what?
7        MR. YOCHES:  From the way it's formed.
```

\*\*\*

```
18       MR. YOCHES:  They're defects that are called low-angle
19  grain boundaries.
20       THE COURT:  Thank you.  So we all agree.  What's
21  undisputed is, there are low-angle grain boundaries in the
22  buffer.
23       MR. YOCHES:  Right.
```

Based on this admission, the Court summarized the dispute "to be whether low-angle grain boundaries necessarily signify that a buffer layer is polycrystalline or whether grain

---

[5] Dkt. 1240: Hearing Transcript at 61:16-65:3.

boundaries can also exist in a single crystal."[6] At the hearing, Mr. Yoches confirmed that this was indeed the only dispute.[7]

```
20        THE COURT:  Thank you.  So we all agree.  What's
21   undisputed is, there are low-angle grain boundaries in the
22   buffer.
23        MR. YOCHES:  Right.
24        THE COURT:  But you disagree that those signal
25   polycrystalline rather than monocrystalline?
```

```
1         MR. YOCHES:  Exactly.
2         THE COURT:  Do I have that?
3         MR. YOCHES:  Exactly.
```

Thus, Mr. Yoches's admission that low-angle grain boundaries are present in the buffer layers of the Exemplar parts was both clear and unambiguous. Thus, Epistar should be barred from offering any evidence at trial to controvert this statement.

---

[6] Dkt. 1231 at 7.
[7] Dkt. 1240 at 64:24-65:3.

Date: November 2, 2015

Submitted By,

*/s/ Christopher L. Evans*
Erik Paul Belt, BBO #558620
EBelt@mccarter.com
Kelly A. Gabos, BBO #666219
kgabos@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6506
Facsimile: (617) 607-6035

Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso Garcia Chan (Texas 24012408)
achan@shorechan.com
Russell J. DePalma (Texas 00795318)
rdepalma@shorechan.com
Andrew M. Howard (Texas 24059973)
ahoward@shorechan.com
Christopher L. Evans (Texas 24058901)
cevans@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111

COUNSEL FOR TRUSTEES OF BOSTON UNIVERSITY

## CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 2, 2015.

*/s/ Christopher L. Evans*
Christopher L. Evans