# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> EVERLIGHT ELECTRONICS CO., LTD. and EVERLIGHT AMERICAS, INC., <br><br> Defendants. | Consolidated Civil Action No. <br> 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> EPISTAR CORPORATION, <br><br> Defendant. | Consolidated Civil Action No. <br> 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> LITE-ON INC., ET AL, <br><br> Defendants. | Consolidated Civil Action No. <br> 12-cv-11935-PBS |

**DECLARATION OF STEPHEN STEINBERG IN SUPPORT OF DEFENDANTS' SECOND MOTION FOR FINDING OF CONTEMPT BY PLAINTIFF'S LEAD COUNSEL**

I, Stephen Steinberg, declare as follows:

    1.    I am an attorney at law admitted to practice before all courts of the State of California, and *Pro Hac Vice* in the District of Massachusetts, and am an Associate in the law

1

firm of Vasquez Benisek & Lindgren LLP, counsel of record for Defendants Everlight Electronics Co., LTD., Everlight Americas, Inc., Epistar Corporation, Lite-On, Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation (together, "Defendants") in the above captioned matter.  I have personal knowledge of the facts stated herein and could competently testify to each of them if called upon to do so.

2. Attached as **Exhibit 1** is a copy of an email string between Plaintiff's lead counsel, Michael Shore, and Defendants' prior counsel, dated September 9-18, 2013.

3. Attached as **Exhibit 2** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated January 24-25, 2014.

4. Attached as **Exhibit 3** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated February 7, 2014.

5. Attached as **Exhibit 4** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated February 13-14, 2014.

6. Attached as **Exhibit 5** is a copy of an email between Michael Shore and Defendants' prior counsel, dated February 16, 2014.

7. Attached as **Exhibit 6** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated February 13-18, 2014.

8. Attached as **Exhibit 7** is a copy of an email between Michael Shore and Defendants' prior counsel, dated February 18, 2014.

9. Attached as **Exhibit 8** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated February 26, 2014.

10. Attached as **Exhibit 9** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated April 4, 2014.

11.     Attached as **Exhibit 10** is copy of an email string between Michael Shore and Defendants' prior counsel, dated April 10-11, 2014.

12.     Attached as **Exhibit 11** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated April 10-16, 2014.

13.     Attached as **Exhibit 12** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated April 29, 2014.

14.     Attached as **Exhibit 13** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated April 29, 2014.

15.     Attached as **Exhibit 14** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated September 9, 2014.

16.     Attached as **Exhibit 15** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated December 1-17, 2014

17.     Attached as **Exhibit 16** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated December 1-17, 2014.

18.     Attached as **Exhibit 17** is a copy of an email between Michael Shore and Defendants' prior counsel, dated December 18, 2014.

19.     Attached as **Exhibit 18** is a copy of an email between Michael Shore and Defendants' prior counsel containing a communication addressed to Epistar employee, Meng-Chun Kuo, dated March 12, 2015.

20.     Attached as **Exhibit 19** is a copy of an email between Michael Shore and Defendants' prior counsel, dated March 29, 2015.

21.     Attached as **Exhibit 20** is a copy of an email between Michael Shore and Defendants' prior counsel, dated May 1, 2015.

22. Attached as **Exhibit 21** is a copy of an email between Michael Shore and Defendants' prior counsel, dated May 14, 2015.

23. Attached as **Exhibit 22** is a copy of an email string between Michael Shore and Defendants' prior counsel, dated May 22-23, 2015.

24. Attached as **Exhibit 23** is a copy of an email string between Michael Shore and third party, William Chiang, forwarded to Epistar employee, Meng-Chun Kuo, dated June 13-15, 2015.

25. Attached as **Exhibit 24** is a copy of an email string between Michael Shore and colleagues at my law firm, dated August 10-14, 2015.

26. Attached as **Exhibit 25** is a copy of an email string between Michael Shore and colleagues at my law firm, dated August 14, 2015.

27. Attached as **Exhibit 26** is a copy of an email string between Michael Shore and Defendants' lead counsel, Richard Vasquez, dated September 10, 2015.

28. Attached as **Exhibit 27** is a copy of an email between Michael Shore and Richard Vasquez, copying our firm, dated October 17, 2015.

29. Attached as **Exhibit 28** is a copy of an email string between Michael Shore and Richard Vasquez, dated November 5, 2015.  We brought these emails to the Court's attention and requested assistance on November 9, and the Court ordered Mr. Shore not to send any emails like that again.  After the Court issued its Order, Mr. Shore told me our request and the Court's Order were "chicken shit."  I asked Mr. Shore not to use such inappropriate language.

30. Attached as **Exhibit 29** is a copy of an email string between Michael Shore and our firm, dated November 15, 2015.  We brought these emails to the Court's attention and moved for a finding contempt and an order barring Mr. Shore from sending further emails to us.

The Court agreed and ordered him not to send any more emails.  After the Court issued its Order, Mr. Shore again told me that our motion and the Court's Order were "chicken shit."  I asked Mr. Shore not to use such inappropriate language, and he then told me "You're lucky we're in a federal courthouse right now."

31. Mr. Shore refrained from sending us further emails for the remainder of the trial, but resumed as soon as it ended.  Attached as **Exhibit 30** is a copy of an email between Michael Shore and Richard Vasquez, dated November 20, 2015.

32. Attached as **Exhibit 31** is a copy of an email string between Michael Shore and Richard Vasquez, copying our firm, dated December 14, 2015.

33. Attached as **Exhibit 32** is a copy of an email string between Michael Shore and Richard Vasquez, dated December 14, 2015.

34. Attached as **Exhibit 33** is a copy of an email between Michael Shore and Richard Vasquez, dated December 22, 2015.

35. Attached as **Exhibit 34** is a copy of an email string between Michael Shore and our firm, dated January 4-5, 2016.

36. Including the emails attached as Exhibits 30-34, Mr. Shore has sent us over a dozen emails since the end of trial in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 13th day of January, 2016 at Lafayette, California.

By: /s/ Stephen C. Steinberg
STEPHEN C. STEINBERG
*Counsel for Defendants Everlight Elecs. Co., Ltd., Everlight Americas, Inc., Epistar Corp., Lite-On, Inc., Lite-On Serv. USA, Inc., Lite-On Tech. Corp.*