**TRUSTEES OF BOSTON UNIVERSITY v. EVERLIGHT ELEC. CO., INC. ET AL.,**

United States District Court, District of Massachusetts

Consolidated Case No. 12-cv-11935-PBS

Declaration of Stephen C. Steinberg In Support of Defendants' Motion for Finding of Contempt by Plaintiff's Lead Counsel

# EXHIBIT: 1

| | |
|---|---|
| **From:** | Michael Shore |
| **To:** | Yang, Ming |
| **Cc:** | Yoches, Bob |
| **Subject:** | RE: New BU Suits, Rule 408 |
| **Date:** | Wednesday, September 18, 2013 5:53:13 AM |

Ming,

You appear to be in Asia. Travel safely and please share my actual emails with your client just as I have shared yours with Vinit.

BU shared examples of detailed reverse engineering with RPX. Infringement is certain under Judge Hamilton's prior claims construction. Your clients understand that from a technical standpoint.

The BU position has been reasonable, and I think when you are not posturing, you know that. Making BU file all the additional suits has raised the profile of the case at BU to the point it is controlled at the presidential level. That makes things much harder to settle at a discount.

I suggest that you get Epistar focused on a solution. You cannot win this case at trial; not because your firm lacks ability, but because the patent is valid and obviously infringed. In the end, the merits generally prevail.

MWS

Sent from my Windows Phone

---

**From:** Yang, Ming
**Sent:** 9/18/2013 2:14 AM
**To:** Michael Shore
**Cc:** Robert Yoches
**Subject:** RE: New BU Suits, Rule 408

Michael:
We have asked for critical information from your client that it refuses to provide, including specifically:

1. Some explanation of why BU believes Everlight's products infringe that do not rely on generic drawings (BU has represented that it has reverse engineering data but refuses to provide the complete data it has).
2. Some explanation for why BU is entitled to pre-suit damages given the admission that it has made no efforts to ensure marking by licensees and has not provided all agreements requiring/not requiring such marking.
3. An economic basis for BU's royalty demand, including all of its prior licenses.
If BU, however, is interested in good faith negotiation, Everlight is willing to evaluate the information and make a counter offer if BU provides the requested information and supporting documents by September 24, 2013.

Best regards,
Ming

---

**From:** Michael Shore [mailto:mshore@ShoreChan.com]
**Sent:** Monday, September 09, 2013 11:51 AM
**To:** Yang, Ming; Jennifer Jonak; Schultz, Christopher; Jeffrey Lerner; BU Defendants Global Counsel List
**Subject:** RE: New BU Suits, Rule 408

Counselors,

For those of you who are not Samsung, Epistar or SSC representatives, any defendant can settle separately for (1) a amount equal to 2% of their worldwide purchases of GaN LED devices from January 1, 2009 to the present, plus **either** 2% of GaN LED purchases from September 30, 2013 until December 31, 2014 or until their suppliers are licensed; **OR** (2) pay $2.5 million in a lump sum by September 30, 2013 for a release for all past acts of infringement and the freedom to source going forward from any manufacturer in the form of a covenant not to sue.

Michael

---

**From:** Michael Shore
**Sent:** Monday, September 09, 2013 1:19 PM
**To:** ming.yang@finnegan.com; Jennifer Jonak; Christopher Schultz; Lerner, Jeffrey (jlerner@cov.com); BU Defendants Global Counsel List
**Subject:** New BU Suits, Rule 408

Counselors,

BU has given approval to file the following additional suits. These cases will be filed not later than Monday, September 16, 2013. These suits will primarily be based upon parts manufactured by Seoul Semiconductor, Epistar and Samsung.

SSC, Epistar and Samsung can settle the controversies between them and BU for $12.5 million (US) **each** if such settlement is agreed in principle before the new round of suits have to be filed. In addition, approximately 15 more companies will be placed on actual notice that parts manufactured by SSC, Epistar and Samsung infringe BU's patents. Those customers will also be sued at a later date. Each customer will know that it was sued purely as a result of your clients' refusal to either engage in reasonable discussions or agree that damages in the manufacturer cases can be based upon worldwide sales without proof of inducement.

BU understands that your clients have every right to insist on proof of inducement. BU also expects your clients to understand that BU has the right to sue direct infringers who import, sell, offer to sell and use the infringing devices in the United States, regardless of where they obtain them initially. This may simply be a situation where the only route to justice is an inefficient one.

1. Acer
2. AOC

3. ASUS
4. BenQ
5. Blackberry
6. Canon
7. Dell
8. Fujifilm
9. Hannspress
10. Harvatek
11. HTC
12. Kingbright
13. Kodak
14. Lenovo
15. Microsoft
16. Motorola
17. NEC
18. Nikon
19. Nokia
20. Olympus
21. Panasonic
22. Pentax
23. Rohm
24. Sharp
25. Sony
26. Stanley Electric
27. Tatung
28. Toshiba
29. ViewSonic
30. Vizio

BU would like to resolve the litigation between itself and SSC, but the longer this goes on, the more expensive it will become to settle. The offer above is less expensive than litigation, utilizes a very low royalty rate compared to the sales involved and it takes into account the risks of a finding of invalidity (very unlikely) or non-infringement (even less unlikely). To avoid these 30 cases being filed and an extreme escalation in BU's demands as a result, substantial progress in settlement must be made this week. Because of the number of suits involved, BU's President and Board of Trustees are directly involved in the decision-making process. I suggest that each of you escalate the decision-making to a similar level at your companies.

Michael W. Shore

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.