UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br>       Plaintiff,<br><br>       v.<br><br>EVERLIGHT ELECTRONICS CO., LTD.,<br>et al.,<br>       Defendants. | Consolidated Civil Action No.<br>12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>       Plaintiff,<br><br>       v.<br><br>EPISTAR CORPORATION, et al.,<br>       Defendants. | Civil Action No. 12-cv-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>       Plaintiff,<br><br>       v.<br><br>LITE-ON INC., et al.,<br>       Defendants. | Civil Action No. 12-cv-12330-PBS |

**ORDER**

January 25, 2016

Saris, C.J.

On November 16, 2015, this Court orally ordered Plaintiff's lead counsel Michael W. Shore to stop sending emails to Defendants' counsel as a result of Mr. Shore's earlier uncivil and inappropriate email messages. Docket No. 1598, Transcript of Jury Trial - Day Eight at 5 ("[Y]ou are the author of the toxic

1

e-mail series, and we're supposed to have civility among attorneys, and you do not exemplify civility. . . . No more e-mails, okay. . . . the sanction is no more e-mails."). Mr. Shore began to send emails to opposing counsel after the jury rendered its verdict. Defendants have moved for contempt. Docket No. 1638. Mr. Shore contends that the Court only intended its no-email order to last during trial. See Docket No. 1647 at 3. The Court **ORDERS** Michael W. Shore to send no further emails to Defendants' counsel until the proceedings before this Court have concluded.

The Court issued its November 16, 2015 order to Mr. Shore after Defendants filed an ex parte notice requesting a hearing on the ground that Mr. Shore was allegedly sending uncivil emails, at least one of which clearly crossed the civility line. See Docket No. 1594, Transcript of Jury Trial – Day Four at 261-62 ("You, Mr. Shore, can never do an e-mail like that. We don't execute lawyers.").[1]

"All attorneys who are admitted or authorized to practice before this court shall comply with its rules of professional

---

[1] Defendants' attorneys were told to serve the offending email on Plaintiff's attorneys and file a copy of its ex parte notice requesting a hearing with the Court. See Docket No. 1594, Transcript of Jury Trial – Day Four at 4 ("The defendants filed an ex parte notice for me requesting a hearing. You should serve that on the plaintiffs and the matter will be sealed."). The ex parte notice with the offending email was apparently not docketed. Defendants are instructed to file it for the record.

2

conduct in all matters they handle before this court." L.R. 83.601(d). "The rules of professional conduct for attorneys appearing and practicing before this court shall be the Massachusetts Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court." L.R. 83.601(a).

According to the governing rules, a "lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials." Mass. Rules of Prof'l Conduct Preamble: A Lawyer's Responsibilities at ¶ 3. "It is professional misconduct for a lawyer to" engage in "conduct that adversely reflects on his or her fitness to practice law." Mass. Rules of Prof'l Conduct R. 8.4(h).

"All persons involved in the judicial process--judges, litigants, witnesses, and court officers--owe a duty of courtesy to all other participants." In re Snyder, 472 U.S. 634, 647 (1985). "[S]uccessful advocacy entails and requires attorneys to navigate the waters of litigation with patience and civility." In re Zeno, 517 F. Supp. 2d 591, 597 (D.P.R.), aff'd, 504 F.3d 64 (1st Cir. 2007) (suspending for three months an attorney for his disrespectful submissions to numerous district court judges). "Attorneys have on a number of occasions been disbarred" for "vitriolic and . . . unfounded personal assaults"

on opposing counsel. In re Cordova-Gonzalez, 996 F.2d 1334, 1335-36 (1st Cir. 1993) (finding that record supported conclusion that counsel's "abusive and disrespectful language" violated professional conduct rules and warranted disbarment).

"It is well-established that a district court has inherent authority to supervise the conduct of attorneys that appear before it." United States v. Overseas Shipholding Grp., Inc., 625 F.3d 1, 8 (1st Cir. 2010). "This power includes the authority 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" Zebrowski v. Hanna, 973 F.2d 1001, 1003-04 (1st Cir. 1992) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 44-45 (1991)).

Pursuant to this inherent authority, the Court **ORDERS** Michael W. Shore not to email Defendants' counsel until the proceedings before this Court have ended. The Court takes no position on Defendants' second motion for contempt.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge