IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
IN RE TRUSTEES OF BOSTON                )   Civil Action Nos.
UNIVERSITY PATENT CASES                 )   12-cv-11935-PBS
                                        )   12-cv-12326-PBS
                                        )   12-cv-12330-PBS
_____  )

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS EMERGENCY MOTION TO COMPEL ATTORNEYS' FEES INFORMATION FROM COUNSEL FOR DEFENDANTS**

Boston University filed a Motion for Enhanced Damages under 35 U.S.C. § 284 asking the Court to find that this case is exceptional and enhance the jury's damages award due to Defendants' willful infringement and litigation misconduct. (Dkt. Nos. 1632 and 1634).

Boston University also seeks an award of attorneys' fees pursuant to 35 U.S.C. § 285, which provides that: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The issue presented here for the Court's determination is whether Defendants' current and former attorneys at Vasquez Benisek & Lindgren LLP ("Vasquez") and Finnegan Henderson Farabow Garrett & Dunner LLP ("Finnegan") (Vasquez and Finnegan are collectively referred to as "Defense Counsel") must provide information sought by Boston University's straightforward and narrowly tailored depositions on written questions. Defense Counsel refused to provide the information based upon relevance and privilege objections, neither of which are valid.

The depositions contained five simple questions seeking: a) the total amount of attorneys' fees billed to each Defendant, b) the identity of each attorney or paralegal who provided more than 100 hours of legal services; and c) the hourly rate(s) at which their time was billed. Defendants' current counsel indicated they intend to contest the amount of Boston University's attorneys' fees, if any, in this litigation. Boston University's Motion for

1

Attorneys' Fees is due, by agreement of the parties, on May 27, 2016, *i.e.* 28 days after entry of judgment by the Court. *See* Dkt. No. 1644 at § C. The information sought by Boston University is highly relevant to the Court's determination on attorneys' fees and is not subject to any privilege or protection as demonstrated below. This is information that each law firm's accounting/administrative department could easily compile in a very short amount of time. Indeed, neither Vasquez nor Finnegan have objected that answering the written questions would impose any kind of burden on the law firms.

Boston University respectfully requests that the Court compel Defense Counsel to provide complete responses to the depositions on written questions no later than Monday, June 6, 2016 so that Boston University may have ample time to include this information in its hearing record. Alternatively, Defendants should not be permitted to dispute the amount and reasonableness of Boston University's attorneys' fees.

I. **DISCOVERY AT ISSUE**

**A. Boston University's Depositions on Written Questions and Counsel's Responses.**

On April 29, 2016, Boston University issued subpoenas to Defense Counsel seeking responses to five written questions. Both Vasquez and Finnegan were served that same day. *See* Proofs of Service on Vasquez and Finnegan Subpoenas, attached to Declaration of Christopher L. Evans ("Evans Decl.") as Exhibits A and B. Vasquez and Finnegan served nearly identical objections and provided no response whatsoever to Boston University's simple and narrowly tailored requests. *See* Objections to Subpoena to Finnegan, Henderson, Farabow, Garrett & Dunner LLP and Vasquez's Objections to Subpoena to Vasquez Benesik & Lindgren LLP, attached to Evans Decl. as Exhibits C and D, respectively.

**1. Vasquez's Objections to Boston University's Written Questions**

On May 13, 2016, Vasquez served the same specific objections to each of Boston University's five written questions: "VBL objects to this Question on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. VBL further objects that this Question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

Vasquez's general objections to the five written questions also state that Boston University "has exceeded the statutory limit of 10 depositions" and that "the subpoena is untimely as fact discovery in this action closed on July 17, 2015." *See* Vasquez's Objections to Subpoena to Vasquez Benesik & Lindgren LLP at 1. Vasquez also objected that "service of the subpoena was insufficient as it was not accompanied by the required fees under Federal Rule of Civil Procedure ('FRCP') 45(b)(1)."[1] *Id.*

**2. Finnegan's Objections to Boston University's Written Questions**

On May 11, 2016, Finnegan served objections to Boston University's written questions including asserting that privilege and relevance preclude Boston University's from discovering the total amount of attorneys' fees billed to each Defendant. As to Question No. 5, Finnegan also asserted that "information regarding Finnegan's hourly rates is proprietary and confidential." *See* Objections to Subpoena to Finnegan, Henderson, Farabow, Garrett & Dunner LLP at 4. Finnegan's general objections to the five written questions also state that Boston University "has exceeded the statutory limit of 10 depositions" and that "the

---

[1] This is not a legitimate basis on which to allege deficiency of the subpoena to Vasquez, as counsel for Boston University was prepared to issue a check to cover any witness travel once the amount necessary for Vasquez to comply with the subpoena was disclosed. Finnegan did not make a similar objection.

3

subpoena is untimely as fact discovery in this action closed on July 17, 2015." *See* Objections to Subpoena to Finnegan, Henderson, Farabow, Garrett & Dunner LLP at 2.

## II.  ARGUMENTS AND AUTHORITIES

**A. The information sought is relevant to the attorneys' fees award.**

Counsel for Defendants have objected, without support, that Boston University's discovery requests do not seek relevant information. Here, Defendants—through their current counsel at Vasquez—have indicated they intend to contest the amount of Boston University's requested attorneys' fees.

The decision whether to allow discovery of information regarding fees and expenses of opposing counsel is within the sound discretion of the trial court. *Dupont Plaza Hotel Fire Litigation,* 56 F.3d 295, 302-303 (1st Cir.1995); *Coal. To Save Our Children v. State Bd. of Educ. of State of Del.*, 143 F.R.D. 61, 64 (D. Del. 1992). Several courts have held that the fees, hours, and costs incurred by one party are relevant to the fees, hours and costs sought by the other party, particularly where the opposing party has objected to the reasonableness of such fees: *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985) ("[B]ecause the defendant here has contested the reasonableness of the plaintiff's petition, we find that the district court abused its discretion in refusing to allow Henson discovery of CB & T's records concerning hours expended and fees paid."); *Cohen v. Brown Univ.*, No. CA 92-197 L, 1999 WL 695235, at *1, *4-5 (D.R.I. May 19, 1999) (granting the plaintiff's motion for discovery on fees, hours, and costs where defendants "challenge both the number of hours for which Plaintiffs' attorneys seek compensation and the hourly rates at which those hours should be compensated."); *Coal. To Save Our Children v. State Bd. of Educ. of State of Del.*, 143 F.R.D. 61, 64 (D. Del. 1992) (ordering defendant to provide time, billing rates, expenses

and further noting that "[w]hether discovery is appropriate depends, in part, on the objections raised by the opponent to the fee petition going to the reasonableness of the fee petition."); *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) (hours, hourly rates, and costs "are at least minimally relevant to the plaintiff's fees and costs."); *Naismith v. Prof'l Golfers Ass'n*, 85 F.R.D. 552, 563 (N.D. Ga. 1979) (holding that hours "are at least minimally relevant" and ordering that the defendants provide their hours hourly rates, and costs); *Stastny v. S. Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 663-64 (W.D.N.C. 1978) (ordering the defendant to provide hourly rates, hours, and expenses: "In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative.")

Vasquez and Finnegan should be compelled to provide the requested information to Boston University in order to inform the enhanced damages and attorneys' fees issues that will be determined by the Court. The information can be provided with a confidentiality designation under the Protective Order.

**B. The information sought is not privileged or otherwise protected.**

Both Vasquez and Finnegan objected to Boston University's written questions on the grounds that those requests seek "information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine."

### 1. Attorney-Client Privilege

The overwhelming majority of courts have held that the amount of fees paid to an attorney is not protected if it does not reveal other privileged information that the client reasonably expected to be confidential. "[A]bsent special circumstances, disclosure of fee information and client identity is not privileged . . . ." *United States v. Saccoccia*, 898 F. Supp. 53, 58

(D.R.I. 1995) (citing *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 248 (2nd Cir. 1986). "In order to qualify for the protection afforded by the attorney-client privilege, information regarding client identity or legal fees must be 'in substance a disclosure of the confidential communication in the professional relationship between the client and the attorney.'" *Id* at 59. The attorney-client privilege only protects disclosure of communications; it does not protect underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981). Moreover, the party asserting the attorney-client privilege or work product protection bears the burden of showing that the privilege applies. *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 17 (1st Cir. 2012) (citing *Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc.,* 449 Mass. 609, 870 N.E.2d 1105, 1114 (2007)). Vasquez and Finnegan have made no showing that the attorney-client privilege or work product protection applies and that answering Boston University's concise written questions that do not require any detail as to the thought process of the Defense Counsel would in any way result in disclosure of attorney-client communications or work product.

"Generally the number of hours billed, the parties fee arrangement, and total fees paid do not constitute privileged information." *Cohen*, 1999 WL 695235, at *1; *see also Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) (holding that privilege does not protect information regarding fee arrangements with client); *O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001) ("information involving receipt of attorneys' fees from a client is not generally privileged."); *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 130 (9th Cir. 1992) (holding that privilege did not apply to attorney billing statements, which contained the amount of the fees, and the general nature of services performed); *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184-G BH, 2013 WL 6912690, at *2 (N.D. Tex. Dec. 30, 2013) ("matters involving the

6

payment of attorney's fees are not generally privileged."); *First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 273 F.R.D. 360, 362 (D. Mass. 2011) ("[F]ee information is generally not privileged."); *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 214 (N.D. Cal. 1986) ("the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information."). The Fourth Circuit has also "made it clear that attorney fee record subpoenas generally do not violate the attorney-client privilege." *In re Grand Jury Proceedings No. 92-4*, 42 F.3d 876, 879 n.1 (4th Cir. 1994).

In *Connecticut Indem. Co. v. Markman*, the court permitted a full deposition of opposing counsel who served as trial counsel in a prior patent infringement action on the issue of reasonableness of attorneys' fees and billing statements. Case No. Civ. 93-799, 1993 WL 452104, at *7 (E.D. Pa. Oct. 28, 1993). Notably, the court stated that the amount of attorneys' fees was not privileged subject matter: "Information that relates to billings and arrangements do not fall within attorney-client privilege." *Id*. (citing *In re Osterhoudt,* 722 F.2d 591 (9th Cir.1983); *Levingston v. Allis–Chalmers Corp.,* 109 F.R.D. 546 (S.D.Miss.1985); *Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co.,* 519 F.Supp. 668, 680 (D.Del.1981)).

Here, Boston University is not seeking a full-blown deposition of Defense Counsel or detailed billing statements, but rather answers to five very simple questions. The requested information is even more narrowly tailored than a request for all billing records, which would also have been permissible and not privileged under the authorities cited here. Because the information requested is clearly not privileged, the Court should compel Vasquez and Finnegan to promptly provide the requested information.

### 2. Work Product Protection

"While the attorney-client privilege shields communications between attorney and client

(and in some cases third parties), the work product doctrine protects an attorney's written materials and 'mental impressions.'" *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 17 (1st Cir. 2012) (citations omitted). Here, Plaintiff is not requesting counsel's written materials or mental impressions; thus the doctrine does not apply. *See S. Scrap Material Co. v. Fleming*, No. CIV.A. 01-2554, 2003 WL 21474516, at *13 (E.D. La. June 18, 2003) ("Information relating to billing, . . . hourly rates, hours spent by attorneys working on litigation, and payment of attorney's fees does not fall within the attorney-client or the work product privilege."); *Starr Indem. & Liab. Co. v. Cont'l Cement Co.*, No. 4:11CV809 JAR, 2012 WL 6012904, at *5 (E.D. Mo. Dec. 3, 2012) (holding that the work product doctrine does not protect information such as hourly billing rates, who worked on a particular task, how long the task took, and a generic description of the task).

**C. The discovery and deposition limits from the underlying district court case are inapplicable to post-judgment discovery relating to attorneys' fees.**

As a practical matter, information relevant to an award of attorneys' fees in a particular case does not typically arise until there is a judgment and the prevailing party moves for an award of fees. At that point, the opposing party's fees and total amounts billed for services rendered in the case become relevant and discoverable. For example, the court in the district of Rhode Island in *Cohen v. Brown Univ.*, granted plaintiffs' discovery of attorneys' fees information after a judgment was entered in their favor. 1999 WL 695235, at *1 (D.R.I. May 19, 1999).

Vasquez and Finnegan have not cited any authority demonstrating that the discovery and deposition limits from the underling case somehow prevent Boston University from seeking answers five written questions on matters that will directly inform post-judgment

8

determinations that remain before the Court.[2]

### III. CONCLUSION

Despite the reasonableness and limited nature of Boston University's depositions on written questions, Vasquez and Finnegan have provided no information whatsoever and are standing on frivolous objections. The Court must not permit Defense Counsel to withhold information that is clearly relevant to Boston University's Motion for Attorneys' Fees and the Court's award in this regard. Accordingly, Boston University requests that the Court compel Defendants' counsel at Vasquez and Finnegan to provide complete responses to the depositions on written questions no later than Monday, June 6, 2016 so that Boston University may have ample time to include this information in its hearing presentation on June 17, 2016. Alternatively, Boston University asks the Court to issue an order that Defendants are not permitted to dispute the amount and reasonableness of Boston University's attorneys' fees.

Date: May 19, 2016

Submitted By,

/s/ Christopher L. Evans
Erik Paul Belt, BBO #558620
EBelt@mccarter.com
Kelly A. Gabos, BBO #666219
Fkgabos@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6506
Facsimile: (617) 607-6035

---

[2] To the extent the Court believes a motion for limited post-judgment discovery is necessary, Boston University respectfully asks that the Court consider this motion and briefing such a request. Because the arguments in a motion for limited post-judgment discovery would be largely duplicative of those herein, granting Boston University's request and compelling responses to the subpoenaed information would be most time efficient and would avoid burdening the Court with additional motion practice.

Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso Garcia Chan (Texas 24012408)
achan@shorechan.com
Russell J. DePalma (Texas 00795318)
rdepalma@shorechan.com
Andrew M. Howard (Texas 24059973)
ahoward@shorechan.com
Christopher L. Evans (Texas 24058901)
cevans@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111

COUNSEL FOR TRUSTEES OF BOSTON UNIVERSITY

**CERTIFICATE OF SERVICE**

The undersigned certifies that the forgoing document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and will be sent via electronic mail to counsel for Finnegan Henderson Farabow Garrett & Dunner LLP, Erin K. Higgins at Conn Kavanaugh (ehiggins@connkavanaugh.com) on May 19, 2016.

*/s/ Christopher L. Evans*
Christopher L. Evans