# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, <br> *Plaintiff,* <br><br> v. <br><br> EVERLIGHT ELECTRONICS CO., LTD., ET AL., <br> *Defendants.* | Consolidated Civil Action No. <br> 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br> *Plaintiff,* <br><br> v. <br><br> EPISTAR CORPORATION, <br> *Defendant.* | Civil Action No. <br> 12-cv-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br> *Plaintiff,* <br><br> v. <br><br> LITE-ON INC., ET AL., <br> *Defendants.* | Civil Action No. <br> 12-cv-12330-PBS |

## OBJECTIONS TO SUBPOENA TO FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP

Pursuant to Fed. R. Civ. Proc. ("FRCP") 45(d)(2)(B), Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan"), hereby objects to the subpoena served by counsel for Plaintiff Trustees of Boston University ("BU") in the above-captioned action on various grounds as set forth below.

## GENERAL OBJECTIONS

1. Finnegan objects to the subpoena to the extent BU has exceeded the statutory limit of 10 depositions.

2. Finnegan objects because the subpoena is untimely as fact discovery in this action closed on July 17, 2015.

3. Finnegan objects to the extent that the definitions of "EPISTAR", "EVERLIGHT" and "LITE- ON" are intended to include any entity besides Defendants Epistar Corp., Everlight Electronics Co., Ltd., Everlight Americas, Inc., Lite-On Inc., and Lite- On Tech Corp.

4. Finnegan objects to the Instructions to the extent that they go beyond or seek to impose obligations that exceed or are inconsistent with those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the District Court.

## OBJECTIONS TO SPECIFIC QUESTIONS

### QUESTION NO. 1

Please IDENTIFY all PERSONS providing information to answer these questions and requests.

### OBJECTIONS TO QUESTION NO. 1

Finnegan is asserting objections through counsel to providing any of the requested information.

### QUESTION NO. 2

State the total amount of attorneys' fees billed to EVERLIGHT in the LITIGATION by FINNEGAN.

### OBJECTIONS TO QUESTION NO. 2

Finnegan objects to Question No. 2 on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Finnegan further objects to Question No. 2 because it seeks information that is not relevant to any party's claim or defense in this matter.

**QUESTION NO. 3**

State the total amount of attorneys' fees billed to EPISTAR in the LITIGATION by FINNEGAN.

**OBJECTIONS TO QUESTION NO. 3**

Finnegan objects to Question No. 3 on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Finnegan further objects to Question No. 3 because it seeks information that is not relevant to any party's claim or defense in this matter.

**QUESTION NO. 4**

State the total amount of attorneys' fees billed to LITE-ON in the LITIGATION by FINNEGAN.

**OBJECTIONS TO QUESTION NO. 4**

Finnegan objects to Question No. 4 on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Finnegan further objects to Question No. 4 because it seeks information that is not relevant to any party's claim or defense in this matter.

**QUESTION NO. 5**

Please IDENTIFY each PERSON employed by FINNEGAN who provided more than 100 hours of legal services (both lawyers and paralegals) to the DEFENDANTS,

3

EVERLIGHT, EPISTAR, and/or LITE-ON in the LITIGATION, and for each state the hourly rate(s) at which FINNEGAN billed their time.

**OBJECTIONS TO QUESTION NO. 5**

Finnegan objects to Question No. 5 on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and on the further grounds that information regarding Finnegan's hourly rates is proprietary and confidential. Finnegan further objects to Question No. 5 because it seeks information that is not relevant to any party's claim or defense in this matter.

FINNEGAN, HENDERSON, FARABOW,
GARRETT, & DUNNER, LLP

By its attorneys,

Erin K. Higgins (BBO #559510)
Conn Kavanaugh Rosenthal Peisch
 & Ford, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200
ehiggins@connkavanaugh.com

Dated: May 11, 2016

CERTIFICATE OF SERVICE

I, Erin K. Higgins, hereby certify that on May 11, 2016, the foregoing Objections To Subpoena To Finnegan, Henderson, Farabow, Garrett & Dunner LLP was served on counsel for Plaintiff Trustees of Boston University by mail and by email.

Erin K. Higgins

1334626.1 06944-003

4

Case 1:12-cv-11935-PBS  Document 1724-4  Filed 05/19/16  Page 5 of 5