# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> EVERLIGHT ELECTRONICS CO., LTD. and EVERLIGHT AMERICAS, INC., <br><br> Defendants. | Consolidated Civil Action No. 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> EPISTAR CORPORATION, <br><br> Defendant. | Consolidated Civil Action No. 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> LITE-ON INC., ET AL, <br><br> Defendants. | Consolidated Civil Action No. 12-cv-11935-PBS |

**OBJECTIONS TO SUBPOENA TO VASQUEZ BENISEK & LINDGREN LLP**

Pursuant to Fed. R. Civ. Proc. ("FRCP") 45, Defendants' counsel, Vasquez Benisek & Lindgren LLP ("VBL"), hereby objects to the subpoena served by counsel for Plaintiff Trustees of Boston University ("BU") in the above-captioned action on various grounds as set forth below. While the cover of the subpoena states it is for appearance at a deposition, Exhibit A to the subpoena requests documents responding to a series of written questions, so it is unclear

whether the subpoena is for a deposition and/or production of documents.  Thus, the following objections account for both possibilities:

## GENERAL OBJECTIONS

1. VBL objects that service of the subpoena was insufficient as it was sent by email.

2. To the extent that the subpoena is for a deposition, VBL objects that service of the subpoena was insufficient as it was not accompanied by the required fees under Federal Rule of Civil Procedure ("FRCP") 45(b)(1).

3. To the extent that the subpoena is for a deposition, VBL objects that BU has exceeded the statutory limit of 10 depositions and must first obtain leave of court under FRCP 30(a)(2)(A)(i) and/or 31(a)(2)(A)(i).

4. VBL objects that the subpoena is untimely as fact discovery in this action closed on July 17, 2015.

5. VBL objects that the definitions of "EPISTAR," "EVERLIGHT," and "LITE-ON" go beyond Local Rule 26.5(c), and to the extent that they mean anyone besides Defendants Epistar Corp., Everlight Electronics Co., Ltd., Everlight Americas, Inc., Lite-On Inc., and Lite-On Tech Corp.

6. VBL objects that the definition of "IDENTIFY" goes beyond Local Rule 26.5(c).

7. VBL objects to the Instructions to the extent that they go beyond or seek to impose obligations that exceed or are inconsistent with those set forth in the FRCP and/or Local Rules.

## OBJECTIONS TO SPECIFIC QUESTIONS

**QUESTION NO. 1**

Please IDENTIFY all PERSONS providing information to answer these questions and requests.

**OBJECTIONS TO QUESTION NO. 1**

VBL objects to this Question on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  VBL

1

further objects that this Question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**QUESTION NO. 2**

State the total amount of attorneys' fees billed to EVERLIGHT in the LITIGATION by VASQUEZ.

**OBJECTIONS TO QUESTION NO. 2**

VBL objects to this Question on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. VBL further objects that this Question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**QUESTION NO. 3**

State the total amount of attorneys' fees billed to EPISTAR in the LITIGATION by VASQUEZ.

**OBJECTIONS TO QUESTION NO. 3**

VBL objects to this Question on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. VBL further objects that this Question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**QUESTION NO. 4**

State the total amount of attorneys' fees billed to LITE-ON in the LITIGATION by VASQUEZ.

**OBJECTIONS TO QUESTION NO. 4**

VBL objects to this Question on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. VBL further objects that this Question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**QUESTION NO. 5**

Please IDENTIFY each PERSON employed by VASQUEZ who provided more than 100 hours of legal services (both lawyers and paralegals) to the DEFENDANTS, EVERLIGHT, EPISTAR, and/or LITE-ON in the LITIGATION, and for each state the hourly rate(s) at which VASQUEZ billed their time.

**OBJECTIONS TO QUESTION NO. 5**

VBL objects to this Question on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  VBL further objects that this Question seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Dated:  May 13, 2016                                  Respectfully submitted,

/s/  Richard C. Vasquez
Richard C. Vasquez (*pro hac vice*)
CA State Bar No. 127228
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250-Phone
925-403-0900-Fax
Email:  rvasquez@vbllaw.com

Susan G. L. Glovsky (BBO# 195880)
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
Susan.Glovsky@hbsr.com
Tel: (617)-607-5995
Fax: (978) 341-0136
susan.glovsky@hbsr.com

*Counsel for Defendants Everlight Electronics Co., Ltd., Everlight Americas, Inc., Epistar Corp., Lite-On, Inc., Lite-On Service USA, Inc., Lite-On Trading USA Inc., Lite-On Technology Corp.*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on May 13, 2016, the foregoing **OBJECTIONS TO SUBPOENA TO VASQUEZ BENISEK & LINDGREN LLP** was served on counsel for Plaintiff Trustees of Boston University via email.

                                                       /s/ Richard C. Vasquez
                                                     Richard C. Vasquez