**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EVERLIGHT ELECTRONICS CO., LTD., ) <br> et al., ) <br> ) <br> Defendants. ) | Consolidated Civil Action No. <br> 12-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EPISTAR CORPORATION, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 12-12326-PBS |

**ORDER**

August 9, 2016

Saris, C.J.

On July 22, 2016, this Court denied the defendants' motion for judgment as a matter of law and/or a new trial, except with respect to the issue of damages. See Trs. of Boston Univ. v. Everlight Elecs. Co., No. 12-11935, 2016 WL 3962826, at *1 (D. Mass. July 22, 2016). Trustees of Boston University (BU) now moves for reconsideration of this Court's order granting

1

remittitur or a new trial on damages. The Motion for Reconsideration (Docket No. 1776) is **DENIED**.

I agree with the plaintiff that a $9,300,000 running royalty from Epistar and a $4,000,000 running royalty from Everlight would have been in the range of acceptable damages awards if the jury had chosen the running royalty format for a reasonable royalty under the hypothetical negotiation approach, and specified a royalty base and rate on the verdict form. However, at the invitation of counsel to avoid the math, the jury elected to award damages based on a lump-sum calculation. While Plaintiff's counsel now attempts to explain how a lump-sum calculation could have been made based on the record (including the Osram license agreement), its damages expert did not provide any testimony to the jury on how to determine a lump-sum award under the Georgia-Pacific framework. See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Given that the plaintiff rejected remittitur, damages must be retried.

/s/PATTI B. SARIS
Patti B. Saris
Chief United States District Judge