**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
TRUSTEES OF BOSTON UNIVERSITY, )
                               )
         Plaintiff,            )
                               )  Consolidated Civil Action No.
     v.                        )         12-11935-PBS
                               )
EVERLIGHT ELECTRONICS CO., LTD.,)
et al.,                        )
                               )
         Defendants.           )
_____)
                               )
TRUSTEES OF BOSTON UNIVERSITY, )
                               )
         Plaintiff,            )
                               )  Civil Action No. 12-12326-PBS
     v.                        )
                               )
EPISTAR CORPORATION, et al.,   )
                               )
         Defendants.           )
_____)
```

**MEMORANDUM AND ORDER**

August 9, 2016

Saris, C.J.

On July 22, 2016, this Court denied the defendants' motion for judgment as a matter of law and/or a new trial, except with respect to the issue of damages. See Trs. of Boston Univ. v. Everlight Elecs. Co., No. 12-11935, 2016 WL 3962826, at *1 (D. Mass. July 22, 2016). In November 2015, a jury awarded the Trustees of Boston University (BU) $9,300,000 as a one-time, lump-sum payment from Epistar, and $4,000,000 as a one-time,

1

lump-sum payment from Everlight. The Court allowed the defendants' motion for remittitur or a new trial on damages with respect to Epistar and Everlight because the lump-sum damages awards were not supported by the evidence under <u>Lucent Techs., Inc. v. Gateway, Inc.</u>, 580 F.3d 1301, 1323-36 (Fed. Cir. 2009). The Court assumes familiarity with that opinion.

On August 1, 2016, BU moved for reconsideration of the order granting remittitur or a new trial on damages, which this Court denied in a separate order. On August 5, 2016, BU notified the Court that it had elected to have a new trial on damages and moved, in the alternative, to amend the Court's July 22 order to permit an interlocutory appeal under 28 U.S.C. § 1292(b). The Court **ALLOWS** the Motion to Amend its July 22 order to permit an interlocutory appeal (Docket No. 1782).

Generally, the United States Courts of Appeal have jurisdiction only to hear appeals from final decisions of the district courts. <u>See</u> 28 U.S.C. § 1291. In limited circumstances, however, district courts may certify interlocutory appeals of decisions that are not final. <u>See</u> 28 U.S.C. § 1292(b). Interlocutory appeals under § 1292(b) require an order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) as to which "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Id.; see Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). "Certification under § 1292(b) is an extraordinary procedure and the party seeking it bears a heavy burden of convincing the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" United Air Lines, Inc. v. Gregory, 716 F. Supp. 2d 79, 89 (D. Mass. 2010) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Appeals under § 1292(b) "require, among other things, leave of both the trial and appellate courts." Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004). The Federal Circuit "grants interlocutory review in these multi-faceted patent cases only rarely." Jang v. Boston Sci. Corp., 767 F.3d 1334, 1339 (Fed. Cir. 2014).

Here, the Court agrees with the plaintiff that there is a controlling issue of law on whether the Court must uphold the jury's choice of a lump-sum format for a reasonable royalty in determining the maximum recovery for which there is evidentiary support. Both the First Circuit and the Federal Circuit follow the "'maximum recovery rule,' which remits an excessive jury award to the highest amount the jury could 'properly have awarded based on the relevant evidence.'" Shockley v. Arcan, Inc., 248 F.3d 1349, 1362 (Fed. Cir. 2001) (quoting Unisplay,

3

S.A. v. Am. Elec. Sign Co., 69 F.3d 512, 519 (Fed. Cir. 1995)); see also Trainor v. HEI Hosp., LLC, 699 F.3d 19, 33 (1st Cir. 2012). The evidence at trial would have supported damages awards in the form of running royalties in the amounts the jury awarded. However, the evidence did not support the amount of damages based on the lump-sum calculation the jury actually chose. In Lucent, the Federal Circuit emphasized that "certain fundamental differences exist between lump-sum agreements and running-royalty agreements." 580 F.3d at 1330. "For a jury to use a running-royalty license agreement as a basis to award lump-sum damages . . . some basis for comparison must exist in the evidence presented to the jury." Id. In the present case, the plaintiff's expert did not provide a basis for comparison between his running royalty framework and a lump-sum award.

 Mr. Ratliff only testified in support of a running royalty, and did not explain how the jury could convert his figures into lump-sum payments should the jury choose to adopt a lump-sum format. He highlighted one of the critical differences between a running royalty and a lump-sum payment. He explained that when parties enter "a running royalty, a percentage of sales is an unknown. You don't know how much someone's actually going to use your patents and what you're going to sell. So on day one when you enter a running royalty license, you may never see any royalties." Trial Tr. vol. 5, Docket No. 1595, at 107-08. In

4

contrast, in a lump-sum license, "you never know how much the licensee is going to use the technology, but they're paying you money up-front. It's a guaranteed return." Id. at 108.

In contrast, the defendants' damages expert, Dr. Mangum, testified that the parties would have negotiated a hypothetical license under which BU would have accepted the lesser of a $500,000 lump-sum payment, a $250,000 lump-sum payment plus a 0.5% running royalty on sales of accused products, or a 1% running royalty on sales of accused products, with respect to each defendant. Dr. Mangum derived this royalty structure from a 2002 license agreement for the '738 patent between BU and Cree Lighting Company (Cree). Mr. Ratliff also relied heavily on this agreement in his analysis, even though he only testified in support of a running royalty.

Dr. Mangum further testified that a "lump-sum royalty is perfectly applicable in this case," because the licensing history of the '738 patent is mostly comprised of lump-sum agreements. Trial Tr. vol. 9, Docket No. 1599, at 67-68. Under his approach, the damages awards for each defendant were essentially capped at a $500,000 lump-sum payment. The jury ultimately agreed with Dr. Mangum that a lump-sum award was appropriate, but selected damages amounts well above any of the comparable lump-sum licenses in evidence.

If the Federal Circuit determines that this Court violated the maximum recovery rule by relying on the jury's choice of a lump-sum format, then the Federal Circuit's decision would avoid the necessity of a new trial on damages. This Court has not found a case where the Federal Circuit squarely addressed the issue of whether a district court can correct a damages figure on a motion for remittitur by extrapolating a royalty rate and base from the jury's lump-sum award without express expert testimony explaining how to do so. Therefore, the Court finds that the second requirement of § 1292(b), that the question of law presents substantial ground for difference of opinion, is met.

Finally, an immediate appeal of this issue would materially advance the ultimate termination of the litigation. A successful determination for BU could forestall the need for a new trial on damages. This case has been hard fought, lengthy, contentious, and expensive. It seems counterproductive to retry damages only to have one of the other issues necessitate a remand. Because this Court has now issued final judgment on all other issues in this litigation, an interlocutory appeal of the remaining damages issue is particularly appropriate.

## ORDER

The Court **ALLOWS** BU's motion to amend its July 22, 2016 order to permit an interlocutory appeal under 28 U.S.C.

§ 1292(b) (Docket No. 1782). The Court certifies the following controlling question of law for interlocutory review:

> When a trial court applies the maximum recovery rule, is the court limited to considering only the particular form of reasonable royalty identified by the jury on the verdict form (lump sum) or should it consider a running royalties calculation based on the evidence in the record?

/s/PATTI B. SARIS
Patti B. Saris
Chief United States District Judge
