**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EVERLIGHT ELECTRONICS CO., LTD., ) <br> et al., ) <br> ) <br> Defendants. ) | Consolidated Civil Action <br> No. 12-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EPISTAR CORPORATION, et al., ) <br> ) <br> Defendants. ) | Civil Action <br> No. 12-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LITE-ON INC., et al., ) <br> ) <br> Defendants. ) | Civil Action <br> No. 12-12330-PBS |

**ORDER**

November 23, 2016

Saris, C.J.

On July 22, 2016, the Court found that the defendants engaged in litigation misconduct that supported a partial award of attorneys' fees under 35 U.S.C. § 285. See Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd., No. 12-CV-11935-PBS, 2016 WL 3976603 (D. Mass. July 22, 2016). The Court awarded BU two discrete sets of fees under § 285: (1) fees incurred in preparation for and during its October 2014 trip to Taiwan to inspect sales documents and (2) fees incurred as a direct result of Everlight's litigation misconduct regarding the contents of the sales data that it provided to BU. The Court also awarded expert fees pertaining to the latter for the additional time spent by Alan Ratliff preparing supplemental expert reports. Finally, the Court awarded costs pursuant to 35 U.S.C. § 284. Costs were apportioned between the defendants as follows: for costs accruing prior to Lite-On's Rule 68 offer on July 23, 2015, all three defendants were deemed jointly and severally liable; beginning July 23, 2015, only Everlight and Epistar were liable for costs.

The parties now contest the amount to which BU is entitled. BU seeks nearly $1.5 million in fees and costs. The defendants oppose the majority of BU's request, asserting that BU should be awarded the $53,194.45 initially enumerated in the Bill of Costs plus no more than $123,778.06 in additional fees and costs. The defendants' calculation proceeds as follows: First, the

defendants contend that many of the claimed fees are unrelated to the two issues identified by the Court and that none of these fees should be recovered. Second, the defendants concede that the requested fees related to the 2014 trip to Taiwan are recoverable from Epistar. Third, the defendants argue that only one-third of the remaining fees -- which relate in some way to Everlight's production of inaccurate sales data -- should be awarded because this briefing did not pertain solely to Everlight. Rather, the defendants suggest, this briefing typically addressed issues raised by the other two defendants and Everlight should therefore only be responsible for its one-third share. Finally, as to costs, the defendants assert that only a small sliver is properly taxable.

The Court applies this same analytical framework and awards the $53,194.45 previously requested in BU's original Bill of Costs as well as $157,315.28 in attorneys' fees, expert fees, and additional costs. Below, the Court appends a summary table of the disputed fees and costs, and its ruling as to each.

The Court **DENIES** BU's request for attorneys' fees and/or expert fees pertaining to the following: (1) the briefing, discovery, and expert preparation performed to access Everlight's SAP system; (2) the preparation of the initial report on damages; and (3) the opposition to Everlight's motion

for partial summary judgment on damages. None of these fees resulted from the litigation misconduct identified by the Court.

The Court **ALLOWS** the plaintiff's unopposed request for $44,072.50 in attorneys' fees pertaining to its October 2014 trip to Taiwan. Epistar is ordered to pay these fees.

The Court **ALLOWS**, in the amount of $49,755.00, the plaintiff's request for attorneys' fees incurred for additional briefing related to Everlight's inaccurate sales data. The defendants urged the Court to award only one-third of the requested fees; the plaintiff offered no alternative means of apportioning its fee request where the briefing related to multiple issues or multiple defendants. In assessing the plaintiff's request, the Court did not tabulate a word count of each of the many briefs filed in this case. The Court did, however, assess whether the requested fees were incurred as a result of the litigation misconduct related to Everlight's sales base. Where the fees relate to briefing solely or primarily about Everlight's inaccurate sales data, the Court awards all of the requested fees. Where the fees do not relate to this issue, the Court does not award any of the requested fees. And where the fees pertain in some way to Everlight's sales base, but also relate to issues involving the other two defendants, the Court awards one-third of the requested fees, the ratio the defendants proposed.

The Court's award of attorneys' fees therefore includes all of the requested fees incurred between May 14 and August 5, 2014 related to the initial review of sales data spreadsheets; one-third of the fees incurred between September 19 and October 8, 2015 related to the plaintiff's motion to strike the defendants' new damages evidence; none of the fees incurred between October 6 and October 8, 2015 related to motions in limine six and seven; one-third of the fees incurred between October 9 and October 10, 2015 related to the plaintiff's motion for leave to file a supplemental damages report and subsequent briefing; all of the fees incurred between October 30 and November 6, 2015 related to the trial briefs; and all of the fees incurred between November 2 and November 10, 2015 related to the remaining briefing. See Docket No. 1791, Ex. 3. Everlight is ordered to pay these attorneys' fees.

The Court **ALLOWS**, in the amount of $47,720.73, the plaintiff's request for expert fees related to the supplemental expert damages reports. This figure represents one-third of the requested expert fees incurred between October 9 and December 11, 2015, as these expert reports responded to damages arguments propounded by all three defendants. Everlight is ordered to pay these expert fees.

The Court **ALLOWS** the costs in the Bill of Costs totaling $53,194.45. The Court **ALLOWS** an additional $15,767.05 in costs

that the defendants concede is properly recoverable under Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and/or 35 U.S.C. § 284. The Court does not award costs pursuant to 35 U.S.C. § 285. Costs are apportioned pursuant to the Court's July 22, 2016 order discussed above.

The defendants assert that the plaintiff has not provided contemporaneous records of the fees and costs that it seeks. Alfonso Chan, an attorney representing the plaintiff in this litigation, declared under penalty of perjury that the spreadsheets provided to the Court "are accurate contemporaneous records of the hours and costs awarded by the Court" and that he "cross-checked entries against the case dockets, discovery records, and employment records of when each employee clocked in and out of the office and his/her computer." Docket No. 1791, Ex. 1 at ¶ 5. The spreadsheets list the relevant attorney's initials, the date the work was performed, a description of the work performed, the number of hours billed, and the rate at which the work has been billed.[1] The plaintiff is ordered, however, to provide the defendants with invoices for the awarded costs.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

---

[1] The defendants do not contest the plaintiff's billing rates.