**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>EVERLIGHT ELECTRONICS CO., LTD. and EVERLIGHT AMERICAS, INC.,<br><br>Defendants. | Consolidated Civil Action No. 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>EPISTAR CORPORATION,<br><br>Defendant. | Consolidated Civil Action No. 12-cv-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>LITE-ON INC., ET AL,<br><br>Defendants. | Consolidated Civil Action No. 12-cv-11935-PBS<br><br>**LEAVE TO FILE GRANTED ON JANUARY 24, 2019** |

**DEFENDANTS' SURREPLY TO PLAINTIFF'S MOTION TO AFFIRM THE JURY VERDICT OR, IN THE ALTERNATIVE, TO MODIFY THE CLAIM CONSTRUCTION OR AMEND ITS COMPLAINT**

I. **INTRODUCTION**

Contrary to the denial in its Reply, Plaintiff is asking this Court to circumvent the Federal Circuit's invalidity ruling. There can be no reality-based dispute that Defendants' expert Dr. Fitzgerald testified on direct examination that the '738 patent did not enable a monocrystalline growth layer directly grown on an amorphous buffer layer. This testimony was presented without objection by Plaintiff or exclusion by the Court. In fact, the Court acknowledged this testimony in its JMOL ruling and the Federal Circuit relied upon Dr. Fitzgerald's evidence in its invalidity ruling that reversed the Court's JMOL ruling.

Plaintiff now wants to rewrite the history of this case by claiming the Court excluded this non-enablement defense and Dr. Fitzgerald never testified about it. But this Court's JMOL order and the Federal Circuit's decision indicate otherwise, to wit:

> In sum, ***Defendants showed that epitaxially growing a monocrystalline layer <u>directly on an amorphous layer</u> would have required undue experimentation—indeed, that it is impossible***. Defendants also note the absence of any non-epitaxial teaching in the specification of how to do this. For its part, BU does not specifically direct us to any such teaching in the specification. Instead, it cites conclusory or unsupportive expert testimony and evidence that some persons were able to grow a monocrystalline layer directly on an amorphous layer—years after the patent's effective filing date, via methods BU does not suggest were taught by the specification or otherwise within an ordinary artisan's skill as of that filing date. ***Although we review the evidence in the light most favorable to BU, the jury's verdict on enablement here cannot be sustained***. We conclude that claim 19 is not enabled as a matter of law and therefore reverse the district court's denial of Defendants' motion for JMOL on this issue.

*Trustees of Boston Univ. v. Everlight Elecs. Co., Ltd.*, 896 F. 3d 1357, 1364 (Fed. Cir. 2018)(emphasis added).

On this record, as confirmed by the Federal Circuit, Defendants indisputably presented this evidence of non-enablement to the jury at trial *without* objection or exclusion. Plaintiff's repeated claim that the record evidence used by the Federal Circuit in its decision was not actually presented at trial or was excluded from trial by the Court is facially implausible—how could the Federal Circuit arrive at its invalidity decision if that evidence was not presented by Defendants or if the Court excluded it from the trial? But Plaintiff, by asking the Court to

1

retroactively exclude the evidence that the Federal Circuit relied on, is admitting that this evidence made it into the record without exclusion. And by relying on this evidence in its decision, the Federal Circuit's mandate precludes this Court from excluding it after-the-fact. On reply for the first time, Plaintiff also now requests a "new trial" without providing any basis in law or fact. Likewise, it fails to muster any supportable argument to now add previously unasserted claims by amending its complaint in this case. Plaintiff's motion has no merit and must be denied.

## II.    ARGUMENT

### A.    Defendants' "Directly On" Non-Enablement Theory Was Presented At Trial.

Plaintiff claims that the non-enablement argument that the Federal Circuit used in its ruling was never part of the evidence. This is simply false. Defendants previously identified how and when this non-enablement evidence was presented at trial. Opposition (ECF No. 1877) at 7-10. But Plaintiff continues trying to confuse the Court by arguing that Defendants presented a non-enablement theory that required the '738 patent to enable devices with a monocrystalline growth layer directly grown on an amorphous buffer layer *as well as* with a monocrystalline growth layer indirectly grown on an amorphous buffer layer. Reply (ECF No. 1879) at 1-2.  But on direct examination Dr. Fitzgerald testified to only two separate non-enablement opinions: (1) the '738 patent failed to enable a device with an amorphous buffer layer; and (2) the '738 patent failed to enable a device with a monocrystalline growth layer directly grown on an amorphous buffer layer. Trial Tr. Day 6 (ECF No. 1596) at 6-216:20-233:12. There can be no dispute on this point as hard as Plaintiff might try.[1]

Plaintiff's "indirectly on" argument is a complete red-herring.  Only on cross examination did Plaintiff's counsel ask Dr. Fitzgerald about whether the patent enabled a device with a monocrystalline growth layer indirectly grown on an amorphous buffer layer. Upon

---

[1] Plaintiff acknowledges that during cross examination and closing argument it sought to prove that Dr. Fitzgerald's non-enablement opinion was based on "growing a monocrystalline layer *directly on* an amorphous layer." Reply (ECF No. 1879) at 5 (emphasis in original).

receiving an answer he did not like, Plaintiff's counsel objected that Dr. Fitzgerald had not included such an opinion in his expert report. Trial Tr. Day 7 (ECF No. 1597) 7-36:3-37:12. The Court then held a sidebar conference where it told Plaintiff's counsel not to inject a new invalidity opinion into the case that was not elicited on direct examination because it would confuse the jury. *Id*. at 7-37:13-39:8. The only matter the Court excluded was Plaintiff's improper cross examination about an "indirectly on" non-enablement theory that Dr. Fitzgerald had neither put in his report nor raised during his direct examination.[2] *Id*.

Just as it had declined to exclude Dr. Fitzgerald's "directly on" non-enablement opinion prior to trial, the Court never excluded it at trial either. *See* Order (ECF No. 1482) at 3 (denying pre-trial request to exclude non-enablement defense because it was properly and timely raised); Trial Tr., Day 6 (ECF No. 1596) at 6-170:11-171:15. This non-enablement opinion formed the basis for the Federal Circuit's decision to reverse this Court's JMOL ruling and invalidate asserted claim 19 as non-enabled as a matter of law. Critically, when addressing this non-enablement opinion in its opening appeal brief, Plaintiff engaged it on the merits and never argued this evidence had been excluded and not presented at trial:

> Appellants argue that the '738 patent is invalid for allegedly failing to enable: (i) an amorphous buffer, and (ii) the epitaxial growth of a monocrystalline growth layer directly on an amorphous buffer layer. Dkt. 30 at 4-8. These arguments fail for two independent reasons and the district court was correct to deny JMOL.
> First, the jury heard conflicting views of qualified experts and reasonably concluded that Appellants failed to show the patent was not enabled by clear and convincing evidence.
> Second, the '738 patent is not required to enable either an amorphous buffer layer or the epitaxial growth of a monocrystalline layer directly on an amorphous buffer layer.

---

[2] Plaintiff suggests that Dr. Fitzgerald's response to a cross examination regarding 'indirectly on" non-enablement proves Defendants pursued a "directly and indirectly on all permutations enablement theory" at trial. Reply (ECF No. 1879) at 3-4. It appears Plaintiff has confused Defendants' legal argument about what full scope enablement requires and the specific non-enablement opinions Defendants actually pursued at trial. Defendants only raised a "directly on" non-enablement opinion at trial based, which was sufficient to prove non-enablement under the Federal Circuit's full scope enablement precedent. *See e.g.*, *Trustees of Boston Univ.*, 896 F. 3d at 1364. It was irrelevant to Defendants' defense whether the patent enabled a monocrystalline layer indirectly grown on an amorphous layer.

Lindgren Supp. Decl. Exh. B (Appellant's Opening Brief (Appeal Dkt. 42-1)) at 52-53. Despite Plaintiff's current claims about the evidentiary record at trial, it never told the Federal Circuit that this Court excluded the second enablement argument or that Defendants did not present it at trial. This would have been a critical point for Plaintiff to make and failing to raise it waived that argument. Instead, Plaintiff argued only that Defendants failed to meet their burden of proof and full scope enablement was not required. This puts the lie to Plaintiff's claim that this argument was excluded and not presented by Defendants at trial.[3]

### B. Plaintiff Is Relitigating Its Legal Argument Against Full Scope Enablement.

Given that Defendants did not present an "indirectly on" non-enablement theory during trial, Plaintiff's repeated complaints about a purported "directly and indirectly on all-permutations enablement theory" is actually a camouflaged attempt to rehash the legal arguments the parties engaged in during trial regarding full scope enablement.  Up through trial, Plaintiff repeatedly, and unsuccessfully, tried to convince this Court that full scope enablement did not require the '738 patent to enable all versions of the claimed invention. Pl.'s Bench Mem. Regarding Enablement Law (ECF No. 1525) at 3-4; Pl.'s Suppl. Bench Br. On Enablement (ECF No. 1540) at 1-4; Pl.'s Second Suppl. Bench Br. On Enablement (ECF No. 1549) at 1-4. Rather, Plaintiff argued that to prevail on non-enablement ***Defendants were required to prove that the specification failed to teach how to make every version of the claimed invention***. Pl.'s Proposed Suppl. Jury Instruction on Enablement (ECF No. 1550) at 3. Defendants consistently, and correctly, argued that full scope enablement requires enablement of all versions of the claimed invention and that the failure of the specification to teach how to make *any one version* of the

---

[3] Plaintiff's argument that Defendants waived their right to challenge the Court's exclusion of the "directly and indirectly on all-permutations enablement theory" is nonsensical. Reply (ECF No. 1879) at 8-10. First, Defendants only presented a "directly on" non-enablement theory at trial, which the Federal Circuit relied upon in its invalidity ruling. Second, the Federal Circuit applied the full scope enablement precedent argued by Defendant—requiring enablement of every version of the claimed invention—to invalidate Plaintiff's patent. Third, this Court never excluded Defendants' prevailing "directly on" non-enablement theory. Accordingly, there was no exclusion ruling for Defendants to challenge on appeal.

4

claimed invention invalidated the patent on non-enablement grounds. Defs.' Bench Mem. Regarding Enablement Law (ECF No. 1524) at 2-8; Defs.' Bench Br. Regarding Enablement (ECF No. 1551) at 3-5.

The Federal Circuit applied the full scope enablement precedent championed by Defendants when reversing this Court's JMOL ruling:

> BU lastly argues that the '738 patent need not enable the claimed device with a monocrystalline growth layer directly on an amorphous buffer layer. ***BU notes that there is no dispute as to enablement of five out of the six referenced permutations and argues "[t]hat is sufficient."*** Cross-Appellant's Br. 60. ***We disagree. Our precedents make clear that the specification must enable the full scope of the claimed invention***.

*Trustees of Boston Univ.*, 896 F.3d at 1364 (emphasis added). Although Defendants properly argued that the full scope enablement precedent requires that all versions of the claimed invention be enabled by the '738 patent, at trial Defendants presented opinions only that the patent failed to enable (1) an amorphous buffer layer and (2) a monocrystalline growth layer directly grown on an amorphous buffer layer. Defendants had no need to argue about the lack of enablement of any other versions of the claimed invention because, as the Federal Circuit confirmed, the failure to enable ***any one version*** of the claimed invention invalidated the patent. Plaintiff's repeated arguments about the "directly and indirectly on all-permutations enablement theory" is actually directed at the legal aspects of full scope enablement precedent, which are separate from the two specific non-enablement opinions Defendants presented at trial and the one non-enablement argument which the Federal Circuit used in its non-enablement determination.

      **C.**    **The Mandate Rule Bars Retroactive Exclusion of Defendants Non-Enablement Evidence Presented at Trial.**

Plaintiff admits that Defendants were correct that the Mandate Rule bars Plaintiff's request to revise the claim construction for "non-single crystalline buffer layer" because "that issue, though not expressly decided, is implicated by the Federal Circuit's mandate." Reply (ECF No. 1879) at 7. For precisely the same reason, the Mandate Rule precludes Plaintiff's request to

5

retroactively exclude Defendants' non-enablement argument that the '738 patent does not enable a monocrystalline growth layer directly grown on an amorphous buffer layer.  Just as with the foregoing construction, in reaching its non-enablement decision, the Federal Circuit relied upon the evidentiary record developed during trial regarding the '738 patent's failure to enable a monocrystalline growth layer directly grown on an amorphous buffer layer. *Trustees of Boston Univ.*, 869 F.3d at 1361 (reciting that it must "review the factual underpinnings of enablement for substantial evidence" and can only reverse a JMOL denial "if, viewing the evidence in the light most favorable to the non-movant, reasonable persons could not have concluded as the jury did")(citations omitted). On this basis, the Federal Circuit's review of the trial's evidentiary record regarding the prevailing non-enablement argument "implicates" whether that evidence was properly before the jury and thus under the Mandate Rule bars Plaintiff's request that the Court now exclude it. As Plaintiff admits the Mandate Rule prevents its request for a new claim construction that was relied upon by the Federal Circuit, it cannot plausibly deny that its request to exclude the evidence upon which the Federal Circuit relied in reaching its ruling is similarly barred.

>    D.    **Plaintiff's Request to Amend Under Rule 15(a) is Unsupportable.**

Plaintiff's only reply argument to support its request to amend its complaint is that under "Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend." Reply (ECF No. 1879) at 8.  Defendants cataloged in their opposition the many reasons why Plaintiff is not entitled to amendment under Rule 15(a)—no good cause, undue delay, bad faith and dilatory motive, and undue prejudice to Defendants. Opposition (ECF No. 1877) at 14-17. Plaintiff's rebuttal to these arguments is to ignore them.

Plaintiff's whole premise for requesting amendment—Defendants' alleged "belated" disclosure of the winning non-enablement argument—is precluded by the law-of-the-case doctrine because the Court already rejected Plaintiff's late disclosure objection. *See e.g., Banks v. U.S.*, 741 U.S. 1268, 1276 (Fed. Cir. 2014). Therefore, "good cause" for amendment does not

exist. Plaintiff fails to even make a "good cause" argument in reply. Moreover, the prevailing non-enablement argument was presented to the jury without objection or exclusion at trial, argued on the merits by Plaintiff, considered by the Court in its JMOL ruling, and relied upon by the Federal Circuit to find the '738 patent non-enabled.  In this scenario, the Court must see Plaintiff's amendment request for what it is—an improper attempt to get around the Federal Circuit's mandate and the ensuing claim preclusion.

Plaintiff also utterly fails to address, let alone rebut, Defendants' undue delay, bad faith motive, and undue prejudice arguments. *See* Opposition (ECF No. 1877) at 14-17. How can Plaintiff plausibly argue that waiting until after six years of litigating a case—that included a three-week jury trial, a separate two-day bench trial, and a successful appeal to the Federal Circuit where the Federal Circuit declared the '738 patent non-enabled—to request a do-over to assert new claims is not barred by undue delay, or that it does not represent undue prejudice to Defendants? The short answer is Plaintiff never even attempts to address these arguments. Defendants have already spent millions of dollars and years defending against Plaintiff's patent infringement allegations that were ultimately resolved  by the Federal Circuit's invalidity ruling. Defendants should not be forced to do so again in a case they have won. Plaintiff's request for amendment under Rule 15(a) should be rejected.

### E.   There is No Basis to Grant Plaintiff's Request For a New Trial.

Plaintiff, for the first time, now asks for a "new trial." Reply (ECF No. 1879) at 7. Plaintiff omitted this request from its Motion and its reply papers provide no explanation for the basis for this new request. Does Plaintiff seek a new trial on claim 19's validity, infringement, laches, or damages?  The Federal Circuit's ruling should foreclose such a request. Is the new trial request solely on claims 11 and 12 that Plaintiff seeks to assert in the case? In either case, this new demand has no legal or factual basis and is raised far too late in the case to be considered by this Court. This is yet another unfounded attempt to circumvent the Federal Circuit's mandate and delay the termination of this case in Defendants' favor. Plaintiff's request for a "new trial" should be rejected.

### F.     Fees Should Be Awarded Based On This Record.

An award of fees incurred in responding to Plaintiff's baseless motion is appropriate. Plaintiff advances blatantly inconsistent arguments—how can Plaintiff square its claim that the prevailing non-enablement was excluded and not presented at trial with its request that the Court retroactively exclude that same argument to allow the Court to ignore the Federal Circuit's ruling? Plaintiff makes factually implausible arguments—how can non-enablement theory Plaintiff claims was excluded and not presented at trial form the entire basis of the Federal Circuit's invalidity ruling? Faced with the precedent on the Mandate Rule, Plaintiff now admits its request for a changed claim construction is barred, which is an admission that its request for excluding the prevailing non-enablement argument is likewise barred. And on reply Plaintiff makes a first time request for a new trial. Plaintiff's motion is simply a fruitless attempt to avoid, or otherwise delay the consequences of, the Federal Circuit's ruling and resurrect a lost patent infringement case. Given Plaintiff's ever changing positions and arguments, implausible contentions, and dilatory purpose in bringing this motion, Defendants' request for fees is fully warranted and appropriate.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety, and award Defendants their attorney's fees and costs in responding to it.

Dated:  January 28, 2019     Respectfully submitted,

/s/ Richard C. Vasquez
Richard C. Vasquez (*pro hac vice*)
CA State Bar No. 127228
Jeffrey T. Lindgren (*pro hac vice*)
CA State Bar No. 176400)
Eric W. Benisek (*pro hac vice*)
CA State Bar No.
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250-Phone
925-403-0900-Fax
Email:  rvasquez@vbllaw.com, jlindgren@vbllaw.com, ebenisek@vbllaw.com

Susan G. L. Glovsky (BBO No. 195880)
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
Susan.Glovsky@hbsr.com
Tel: (617)-607-5995
Fax: (978) 341-0136
susan.glovsky@hbsr.com

*Counsel for Defendants Everlight Electronics Co., LTD., Everlight Americas, Inc., Epistar Corporation, Lite-On, Inc., Lite-On Service USA, Inc., Lite-On Trading USA Inc., Lite-On Technology Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, the foregoing **DEFENDANTS' SURREPLY TO PLAINTIFF'S MOTION TO AFFIRM THE JURY VERDICT OR, IN THE ALTERNATIVE, TO MODIFY THE CLAIM CONSTRUCTION OR AMEND ITS COMPLAINT** was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, and that papers will be sent to those indicated as non-registered participants.

/s/ Richard C. Vasquez
Richard C. Vasquez