IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

IN RE TRUSTEES OF BOSTON            )        Civil Action Nos.
UNIVERSITY PATENT CASES             )        12-cv-11935-PBS
                                    )        12-cv-12326-PBS
                                    )        12-cv-12330-PBS
                                    )
_____  )

**PLAINTIFF'S REPLY[1] IN SUPPORT OF ITS OBJECTION
TO DEFENDANTS' REQUESTED ATTORNEYS' FEES**

**I. INTRODUCTION**

Defendants' Response Brief serves as further confirmation that Defendants' altered and

redacted block-billing time entries are unreliable because they represent Mr. Vasquez's

"estimate," made 42 months after the time was billed, of how much of each block billed

time entry should be attributed to tasks within the scope of the Court's attorney's fee award.

There is no explanation of how Mr. Vasquez was able to come up with these estimates or

why he believes the estimates are fair and accurate. Worse, the block billing time entries are

redacted so Boston University and Court cannot see what other tasks are part of each block

billed time entry to evaluate or challenge the plausibility of Mr. Vasquez's estimates. As a

result, Defendants have failed to meet their burden to prove up their reasonable attorneys'

fees.

In addition, Defendants have also added an additional request for an award of attorneys'

fees for the time Defendants' attorneys spent preparing and filing their "285 motion." But

the Court already considered and denied this same request when it awarded Defendants

only "their attorney's fees for briefing and arguing" the "two contempt motions against

_____

[1] Because of how Defendants filed their request for fees, it is unclear whether this is a reply or
sur-reply. Either way, Defendants have indicated that they will not object to this filing.

Plaintiff's counsel" that were a result of "Plaintiff's counsel … sending threatening emails to Defendants' counsel during and after trial" and denied "[i]n all other respects, Defendants' motion for attorney's fees under § 285." Dkt. 1890 at 24.

Accordingly, the Court should substantially reduce the attorneys' fees it awards Defendants for all the reasons in Boston University's Objection and deny Defendants' "new" request for attorney's fees related to their "285 motion."

## II. ARGUMENT

### A. Defendants admit that their time entries were altered based on unquantified "estimates" made by Mr. Vasquez four years later.

Notably, Defendants do not offer any explanation or defense of the alteration of their billing records other than to admit that "defendants' counsel here estimated what portion of all multiple task billing entries were involved in the tasks to which fee shifting has been ordered" more than "forty-two (42) months after the time was incurred." Dkt. 1893 at 4-5. But Mr. Vasquez, who is apparently the person who made the estimates, does not explain how he was able to make these estimates other than to state that he "considered and excluded unrelated time entries, as reflected in my declaration, as is required be applicable legal standards." Dkt. 1893-1 at ¶ 9. This is not illuminating and does not demonstrate that the billing records and estimates used to alter them are accurate.

Especially worrisome from Plaintiff's perspective is the fact that Mr. Vasquez apparently guessed how much time other timekeepers spent on various tasks that were block billed. Steve Steinberg, Timekeeper SS, is no longer with Mr. Vasquez's firm so it is unlikely that he was consulted. So how was Mr. Vasquez able to determine how much time Mr. Steinburg spent on the motions for contempt?

In short, Defendants' Response to Plaintiff's Objection to Fee Request further

demonstrates that Defendants' billing records are inadequate and warrant a reduction in the attorneys' fees award. *Phigenix, Inc. v. Genentech Inc.*, No. 15-CV-01238-BLF, 2019 WL 2579260, at *10 (N.D. Cal. June 24, 2019) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

**B. Defendants' response asks the Court to reconsider its prior order denying attorneys' fees relating to Defendants' "285 motion."**

Defendants' response to Plaintiff's objection also adds an additional request for an award of attorneys' fees for the time Defendants' attorneys spent preparing and filing their "285 motion." Dkt. 1893 at 5-6; Dkt. 1893-1 at ¶ 4.

But the Court has already expressly considered and denied this request. Defendants asked the Court to award them all their attorneys' fees from September 11, 2015 onward in their "285 motion." Dkt. 1830 at 1 ("Defendants are only seeking their attorneys' fees and costs from September 11, 2015 and forward…"). That "285 motion" was filed on November 14, 2018 so attorneys' fees for its preparation were clearly within the scope of the award the Defendants sought. *Id.*

The Court allowed in part and denied in part Defendants' motion and awarded Defendants only "their attorney's fees for briefing and arguing" the "two contempt motions against Plaintiff's counsel" that were a result of "Plaintiff's counsel … sending threatening emails to Defendants' counsel during and after trial." Dkt. 1890 at 24. The Court then held that "[i]n all other respects, Defendants' motion for attorney's fees under § 285 is denied." *Id.*

Defendants offer no explanation for why the Court should reconsider this prior ruling. "The law of the case doctrine precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided." *Cohen v. Brown Univ.*,

101 F.3d 155, 167 (1st Cir. 1996). Therefore, the Court should deny Defendants' request to reconsider the Court's prior denial of attorneys' fees relating to Defendants' "285 motion."

## III. CONCLUSION

Boston University respectfully requests that the Court award Defendants' attorneys' fees in the amount of $5,178.40 and costs total of $78,839.27 for a total award (attorneys' fees plus costs) of $84,017.67.

Date: September 11, 2019                    Submitted By,

                                            */s/ Christopher L. Evans*
                                            Erik Paul Belt, BBO #558620
                                            EBelt@mccarter.com
                                            McCarter & English, LLP
                                            265 Franklin Street
                                            Boston, Massachusetts 02110
                                            Telephone: (617) 449-6506
                                            Facsimile: (617) 607-6035

                                            Michael W. Shore (Texas 18294915)
                                            mshore@shorechan.com
                                            Alfonso Garcia Chan (Texas 24012408)
                                            achan@shorechan.com
                                            Christopher L. Evans (Texas 24058901)
                                            cevans@shorechan.com
                                            SHORE CHAN DEPUMPO LLP
                                            901 Main Street, Suite 3300
                                            Dallas, Texas 75202
                                            Telephone (214) 593-9110
                                            Facsimile (214) 593-9111

                                            COUNSEL FOR TRUSTEES OF BOSTON
                                            UNIVERSITY

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the forgoing document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 11, 2019.

*/s/ Christopher L. Evans*
Christopher L. Evans
