**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,  )<br>        Plaintiff,   )<br>                      )<br>    v.              )<br>                      )<br>EVERLIGHT ELECTRONICS CO., LTD.,)<br>et al.,          )<br>        Defendants.   ) | Consolidated Civil Action<br>No. 12-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,  )<br>        Plaintiff,  )<br>    v.   )<br>EPISTAR CORPORATION,  )<br>        Defendant.  ) | Civil Action<br>No. 12-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,  )<br>        Plaintiff,  )<br>    v.  )<br>LITE-ON INC., et al.,  )<br>        Defendants.  ) | Civil Action<br>No. 12-12330-PBS |

**ORDER**

December 16, 2019

Saris, C.J.

On July 18, 2019, the Court allowed in part Defendants' request for attorney's fees pursuant to 28 U.S.C. § 285 because this was an "exceptional case." Specifically, the Court allowed the Defendants their fees in connection with briefing and

1

arguing two motions to hold Plaintiff's counsel in contempt of court during and after trial. In the same order, the Court also allowed Defendants' motion for costs pursuant to Federal Rule of Civil Procedure 54. On August 30, 2019, Defendants filed a declaration requesting that the Court formally enter an order awarding them attorney's fees totaling $44,174 and costs totaling $87,510.18. On September 9, 2019, Plaintiff filed an objection to Defendants' declaration, arguing that they failed to meet their burden for establishing a reasonable amount in attorney's fees and also incorrectly calculated the amount of costs due to them under the Court's July 2019 Order. Both parties then filed reply briefs.

The determination of the amount of reasonable attorneys' fees under § 285 is a matter within the Court's discretion. See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 572 U.S. 559, 564 (2014). The parties dispute the amount of reasonable attorney's fees related to Defendants' two contempt motions -- Defendants seek $44,174 while Plaintiff claims $5,178.40 is appropriate. The dispute focuses on whether Defendants have put forward sufficient evidence to carry their burden to establish that the requested fees are (1) related to the two contempt motions and (2) reasonable. Plaintiff raises the legitimate point that several of the time entries included by Defendants in their fee request include no obvious connection to the contempt

motions and several others are related only in part. The Court will exclude these time entries. Plaintiff's remaining points, however, are nitpicky. A review of the time entries reveals that they are broadly related to the contempt motions and reasonable. To the extent Defendants' counsel used block billing, they have endeavored to estimate the amount of time that was in fact related to the contempt motions. Richard Vasquez, an attorney representing Defendants in this litigation, declared under penalty of perjury that the records are accurate to the best of his knowledge. This is enough. The Court **ALLOWS**, in the amount of $30,934.00, Defendants' request for attorney's fees pursuant to § 285.

In their reply brief, Defendants raise the new claim that they are entitled to additional attorney's fees for (1) briefing their original fee motion and (2) briefing this dispute over the reasonable fee amount. The Court **DENIES** Defendants' request for these additional fees totaling $36,065.25. First, the Court's July 2019 Order limited the recoverable fees to those incurred by Defendants in pursuing their two contempt motions against Plaintiff's counsel. It did not include the fees incurred in seeking the fee award. Defendants also have not provided the Court with any persuasive reason to modify this original fee award. Second, the Court's July 2019 Order awarded Defendants fees based on a narrow set of egregious conduct by Plaintiff's

counsel. Plaintiff's opposition to Defendants' requested fee amount is not comparably egregious to warrant an additional award for those fees incurred in briefing this dispute.

As for costs, Defendants double counted certain deposition costs totaling $8,670.81. They do not dispute that they made this error. Therefore, the Court **ALLOWS** Defendants their costs totaling $78,839.37 pursuant to Rule 54.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge