```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
                                  )
TRUSTEES OF BOSTON UNIVERSITY,    )
          Plaintiff,              )
                                  ) Consolidated Civil Action
        v.                        ) No. 12-11935-PBS
                                  )
EVERLIGHT ELECTRONICS CO.,        )
LTD., et al.,                     )
          Defendants.             )
                                  )
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
                                  )
TRUSTEES OF BOSTON UNIVERSITY,    )
          Plaintiff,              )
                                  )
                                  ) Civil Action
        v.                        ) No. 12-12326-PBS
                                  )
EPISTAR CORPORATION,              )
          Defendant.              )
                                  )
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
                                  )
TRUSTEES OF BOSTON UNIVERSITY,    )
          Plaintiff,              )
                                  )
                                  ) Civil Action
        v.                        ) No. 12-12330-PBS
                                  )
LITE-ON INC., et al.,             )
          Defendants.             )
                                  )
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
```

**MEMORANDUM AND ORDER**

March 24, 2020

Saris, D.J.

This long-running case involves a patent dispute between the Trustees of Boston University ("Plaintiff") and certain manufacturers of components of LED lightbulbs ("Defendants"). After a jury returned a verdict in Plaintiff's favor and the Court denied Defendants' motion for judgment as a matter of law,

Defendants appealed to the Federal Circuit. The Federal Circuit held that Defendants were entitled to judgment as a matter of law on a lack of enablement defense and reversed.

Plaintiff then moved in this Court to, among other remedies, amend its complaint to allege infringement of claims 11 and 12 of the '738 patent, which Plaintiff argues are not susceptible to Defendants' lack of enablement defense. On July 18, 2019, the Court denied Plaintiff's motion by written order. It found Plaintiff had "delayed far too long" given that Plaintiff was aware of the enablement defense as early as November 2014 and yet never sought to amend its complaint in response. Docket No. 1890 at 15.

Now, Plaintiff has moved for reconsideration of that order and to amend the Court's final judgment in Defendants' favor, arguing that manifest injustice will result. After review of the parties' briefing, the Court **DENIES** Plaintiff's motion for reconsideration (Docket No. 1899). The Court **DENIES** Defendants' application for attorney fees contained in their opposition (Docket No. 1909).

I.   **Motion for Reconsideration**

The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). A court may grant a motion for reconsideration "only

2

in a limited number of circumstances," namely, "[1] if the moving party presents newly discovered evidence, [2] if there has been an intervening change in the law, or [3] if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Plaintiff relies only on the third ground of manifest injustice.[1] The standard for "manifest injustice" is "difficult to achieve" and "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong." Ellis v. United States, 313 F.3d 636, 648 (1st Cir. 2002). It is not met anytime a court made "an arguably erroneous ruling." Id. A motion for reconsideration under Rule 59(e) cannot be used to "rehash arguments previously rejected." Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012).

The high standard for manifest injustice is not met here. Plaintiff argues it should not have been expected to foresee Defendants' lack of enablement defense and to amend its pleadings earlier in response. The Court considered and rejected that argument in its July 18, 2019 Order. The Court's reasoning

---

[1] Plaintiff initially argued that the Court committed legal error by failing to "properly apply the liberal standard favoring amendment" of pleadings under Fed. R. Civ. P. 15. Docket No. 1900 at 4. Plaintiff's reply brief rightly does not press the argument. Rule 16's "good cause" standard applied because the deadline for amendments had long passed.

3

was based on a full review of the record and a finding that Plaintiff was on notice to Defendants' lack of enablement defense as early as November 2014. Plaintiff disagrees with the Court's analysis but has not shown that the Court's finding was so "obviously wrong" that it constitutes manifest injustice. See Ellis, 313 F.3d at 648.

Because Plaintiff's Rule 59(e) motion does no more than relitigate arguments already rejected by the Court in its July 18, 2019 Order, the motion is **DENIED**.

**II. Attorney Fees**

In their opposition to Plaintiff's motion for reconsideration, Defendants request attorney fees and costs pursuant to 28 U.S.C. § 1927, which allows the court to award fees when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." Docket No. 1909 at 8. "The term 'vexatious' means that the losing party's actions were 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Local 285, Serv. Employees Int'l Union, AFL-CIO v. Nonotuck Res. Assocs., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (citation omitted). Here, I conclude that Plaintiff's motion for reconsideration was without merit, but it was not frivolous or filed in bad faith.

4

**<u>ORDER</u>**

Plaintiff's motion for reconsideration (Docket No. 1899) is **<u>DENIED</u>**. Defendants' request for attorney fees (Docket No. 1909) is **<u>DENIED</u>**.

SO ORDERED.

<u>/s/ PATTI B. SARIS</u>
Hon. Patti B. Saris
United States District Judge